1    L. Scott Keehn, SBN 61691
     **KEEHN LAW GROUP**
2    A Professional Corporation
     501 W. Broadway, Suite 1025
3    San Diego, California 92101
     Telephone: (619) 400-2200
4    Email: scottk@keehnlaw.com

5    Attorneys for Plaintiffs
     **W. Michael Corson & Co., APC**
6    **and Michael Corson**

7

8              **UNITED STATES BANKRUPTCY COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

10

11

12
     In re                          )   BANKRUPTCY CASE NO. 8:18-bk-12449-TA
13                                   )
14   **GREGORY ANTON WAHL**          )   ADVERSARY CASE NO.
                                     )
15              Debtor.              )
                                     )   **COMPLAINT FOR DETERMINATION OF**
16   _____       )   **NONDISCHARGEABILITY OF DEBT**
                                     )   **UNDER 11 U.S.C. §§ 523 (a) (2) (A) and 523**
17   **W. MICHAEL CORSON & CO., APC**, a  )   **(a) (6).**
     California professional corporation and  )
18   **MICHAEL CORSON,** an individual,  )
                                     )
19              Plaintiffs,          )
                                     )
20   v.                              )
                                     )
21   **GREGORY ANTON WAHL,** an individual,  )
                                     )
22              Defendant.           )
                                     )
23   _____       )

24

25   Plaintiffs allege as follows:

26

27

28

KEEHN LAW GROUP, APC
ATTORNEYS AND COUNSELORS AT LAW
501 W. BROADWAY, SUITE 1025
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 • FACSMILE (619) 400-2201

                                                    Whal AP/Complaint

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157 and 28 U.S.C. § 1334. This matter is a core proceeding filed pursuant to 28 U.S.C. § 157 (b) (2) (I).

2.      Venue is proper in this Court Pursuant to 28 U.S.C. 1409.

3.      This adversary proceeding is commenced pursuant to Rule 7001 (6) of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 523.

**STATEMENT OF STANDING**

4.      Plaintiffs incorporate herein paragraphs 1 through 3, inclusive of this Complaint, as if set forth here in full.

5.      Plaintiffs are creditors of Defendant, and thus have standing to bring this action pursuant to 11 U.S.C. § 523. The deadline for filing this complaint is October 12, 2018. Because this Complaint is being filed prior to that date, Plaintiffs have timely filed this action.

**PARTIES TO THE PROCEEDING**

6.      Plaintiff W. Michael Corson & Co., APC ("Corson Co.") is a California corporation. At all times herein mentioned, Corson Co. maintained its principal place of business in the County of San Diego.

7.      Plaintiff Michael Corson ("Corson") is an individual. At all times herein mentioned, he was the 100% shareholder of Plaintiff Corson Co., and his residence is located at 1547 Lorraine Drive, Encinitas, California 92024, within the County of San Diego, State of California.

8.      Defendant Gregory Wahl ("Wahl") is the Debtor in the above-entitled Bankruptcy Case. He is an individual conducting business in various locations in the State of California and, on information and belief, is alleged to have his principal residence in the County of Orange, State of California. At all times herein mentioned, Wahl conducted his business as a certified public accountant through the firm of Anton & Chia, LLP, a California limited liability partnership ("A&C"). At all times herein mentioned, Wahl was the Managing Partner of A&C.

9.      Plaintiffs are informed and believe and based thereon allege that at all times

KEEHN LAW GROUP, APC
ATTORNEYS AND COUNSELORS AT LAW
50 W. BROADWAY, SUITE 1025
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

1   herein mentioned, Defendant and A&C were acting as agents, servants, employees, partners and/or

2   principals of each other and, in doing the things hereinafter alleged, were acting within the course

3   and scope of their duty and authority with the permission, knowledge, consent and ratification of

4   each other.

5   **GENERAL ALLEGATIONS**

6       10.   In late 2013, A&C and Plaintiffs began discussions for a transaction whereby

7   A&C would acquire the Plaintiffs' accounting practice and Corson would perform professional

8   accounting services to clients as one of A&C's accountants (the "Acquisition").

9       11.   Prior to May 9, 2014, A&C had provided Plaintiffs with a proposed letter of intent

10  outlining the terms of the proposed Acquisition. On May 9, 2014, defendant Wahl met with

11  Corson to discuss the initial letter of intent.

12      12.   On or about July 17, 2014, during the course of a telephone conference between

13  defendant Wahl and Corson the terms of the letter of intent were finalized.

14      13.   On or about July 25, 2014, Corson traveled to A&C's offices in Newport Beach and

15  Westlake Village, California to meet with key accountants within the A&C organization who were

16  identified as partners in a meeting with Corson in anticipation of the Acquisition.

17      14.   On or about September 2, 2014, defendant Wahl traveled to Corson Co.'s office

18  to be introduced to Corson Co.'s staff. During the course of that introductory meeting, defendant

19  Wahl announced that Plaintiffs' accounting practice had been acquired by A&C.

20      15.   Thereafter, and effective as of August 31, 2014, the contractual terms of the

21  Acquisition were memorialized in a written "Asset Purchase Agreement," a true copy of which is

22  attached hereto as Exhibit A and incorporated herein by this reference (the "8/31/14 APA").

23      16.   Plaintiffs fully performed all of their obligations as required by the 8/31/14

24  APA.

25      17.   A&C did not fully and timely perform all of its obligations as required by the

26  8/31/14 APA. Payments due from A&C were frequently late and/or underpaid. This pattern of

27  unexcused and non-compliant payment included, but was not limited to, the unexcused failure to

28  pay the first buy-out installment payment ($115,000.00) when it became due on January 1, 2015.

KEEHN LAW GROUP, APC
ATTORNEYS AND COUNSELORS AT LAW
50 W. BROADWAY, SUITE 1025
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

- 3 -

Whal AP/Complaint

1    18.    The pattern of A&C's unexcused non-compliance continued throughout 2015.

2    19.    On February 12, 2016, A&C and Plaintiffs made a written modification of the

3    8/31/14 APA which was memorialized in a written "Amendment to Asset Purchase Agreement," a

4    copy of which is attached hereto marked Exhibit B and incorporated herein by this reference (the

5    "2/12/16 Amendment"). Among other things, the 2/12/16 Amendment reduced the "Purchase

6    Price" provided in the 8/31/14 APA from $460,000.00 to $372,000.00, and acknowledged that

7    Corson Co.'s entitlement to that sum was fully earned as of September 1, 2015. (The 8/31/14 APA

8    as amended by the 2/12/16 Amendment is hereafter referred to as the "Amended APA").

9                          **The Contract Was Breached**

10    20.    Plaintiffs have fully performed all of their obligations under the Amended APA.

11    21.    Wahl, while in control of A&C, caused it to breach its obligations to Plaintiffs under

12    the Amended APA by, among other things, failing to pay Plaintiffs amounts which became due

13    under the terms of that contract. There is presently a total of $148,933.23 which is due and owing

14    under the Amended APA.

15    22.    Under the terms of the Amended APA, the additional sum of $78,000.00 became due

16    and payable from A&C to Corson Co. on January 1, 2018. Wahl engaged in a bad faith and

17    deceptive course of conduct related to Plaintiffs to insure that the sum of $78,000.00 due from his

18    alter ego A&C on January 1, 2018 was not paid.

19    23.    The total sum now due to Corson Co. under the Amended APA is an amount in

20    excess of $226,933.23.

21                  **Wahl, In Concert With And/Or Through A&C, Makes
                    Intentional Misrepresentations To Plaintiffs (Fraud)**

22

23    24.    During the course of negotiations, which resulted in the 8/31/14 APA, defendant

24    Wahl made several representations to Plaintiffs touting the financial strength of A&C and assuring

25    Plaintiffs that A&C had the financial capacity to fully and timely pay its obligations to Plaintiffs in

26    any contractual agreements that it made for the Acquisition. Those representations included, but

27    were not limited to, the express representation that A&C had financing in place that would allow it

28    to make all payments as they came due under any contract for the Acquisition.

KEEHN LAW GROUP, APC
ATTORNEYS AND COUNSELORS AT LAW
501 W. BROADWAY, SUITE 1025
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

Whal AP/Complaint

1    25.    All of those representations were false. The true facts were that, at the time the

2  representations were made and at all times thereafter, A&C did not have the financial ability to meet

3  its obligations as they came due under contractual commitments made in connection with the

4  Acquisition in general, or the 8/31/14 APA in particular. Without limiting the generality of the

5  foregoing, the true facts also included the fact that A&C did not have in place the financing

6  arrangements necessary to meet its obligations under the 8/31/14 APA.

7    26.    The representations made by Wahl were known by him to be false at the time

8  made.

9    27.    The false representations made by Wahl were material facts that affected

10  Plaintiffs' decision to proceed with the Acquisition in general, and the 8/31/14 APA in particular.

11    28.    The false statements as hereinabove alleged were made by Wahl for the purpose

12  of defrauding Plaintiffs and inducing them to enter into the Acquisition in general, and the 8/31/14

13  APA in particular, without understanding the real financial risks associated with that transaction.

14    29.    Plaintiffs relied on the accuracy of the representations made by Wahl.

15    30.    Plaintiffs' reliance on those representations was justified because, among other

16  things, Wahl was the "Managing Partner" of A&C and the person most knowledgeable as to its

17  financial strength, financing arrangements, and ability to perform the obligations undertaken by

18  A&C in connection with the Acquisition in general, and the 8/31/14 APA in particular.

19    31.    On or about January 28, 2015, after A&C defaulted in its obligation to pay Corson

20  Co. $115,000.00, defendant Wahl, again acting on behalf of A&C but for his personal benefit, in an

21  effort to induce Corson to continue performing his obligations under the 8/31/14 APA, represented

22  to Corson that the payment would be made in the near term "as soon as financing was complete."

23  That representation was false and known by Wahl to be false at the time.

24    32.    On or about May 5, 2015, Wahl, in an additional effort to induce Corson to

25  continue to provide his services as contemplated by the 8/31/14 APA, represented that the

26  $115,000.00 payment due on January 1, 2015, would be fully made.

27    33.    That representation was also known by Wahl to be false when he made it. On or

28  about May 27, 2015, a partial payment in the amount of $50,000.00 was made, and Wahl falsely

KEEHN LAW GROUP, APC
ATTORNEYS AND COUNSELORS AT LAW
501 W. BROADWAY, SUITE 1025
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

Whal AP/Complaint

1 represented that the balance of $65,000.00 would be paid by June 15, 2015. That representation was

2 also false. The final $65,000.00 payment was not made until or about November 25, 2015.

3      34.    Wahl's misrepresentations as hereinabove alleged were made on behalf of and for

4 the benefit of A&C.

5      35.    On information and belief, Plaintiffs allege that A&C either authorized Wahl to

6 make the false representations to Plaintiffs as hereinabove alleged, or since the misrepresentations

7 have been made, A&C has ratified the acts of Wahl in making those misrepresentations

8      36.    Due to the conduct of defendant Wahl, Plaintiffs have been damaged by the

9 misrepresentations hereinabove alleged in an aggregate amount in excess of $226,933.23.

10      **Wahl and A&C Actively Engage In Acts Of Fraudulent Concealment**

11      37.    During the course of negotiations, which resulted in the 8/31/14 APA, defendant

12 Wahl made several representations to Plaintiffs touting the financial strength of A&C and assuring

13 Plaintiffs that A&C had the financial capacity to fully and timely pay its obligations to Plaintiffs in

14 any contractual agreements that it made for the Acquisition. Those representations included, but

15 were not limited to, the express representation that A&C had financing in place that would allow it

16 to make all payments as they came due under any contract for the Acquisition.

17      38.    During the course of those negotiations, Wahl owed Plaintiffs a duty of good faith

18 and fair dealing which includes a duty to disclose all information necessary to prevent the

19 information that was disclosed during the negotiations from being misleading.

20      39.    Defendant Wahl disclosed some facts to Plaintiffs concerning A&C's financial

21 strength and performance, but intentionally failed to disclose other facts (including, but not limited

22 to, the need for additional financing which - although in negotiation - was not contractually

23 available), making the disclosures actually made deceptive.

24      40.    On information and belief, Plaintiffs allege that at the time that Wahl was

25 conducting negotiations with Plaintiffs, A&C was in default in obligations it had assumed to other

26 accountants and accounting firms whose assets they had acquired in transactions similar to those

27 being negotiated with Plaintiffs. Wahl intentionally failed to disclose those facts, and other facts

28 known to him which made his actual disclosures concerning A&C's financial strength and ability to

KEEHN LAW GROUP, APC
ATTORNEYS AND COUNSELORS AT LAW
501 W. BROADWAY, SUITE 1025
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

Whal AP/Complaint

1  perform its contractual obligations deceptive.

2      41.     The facts that Wahl intentionally, and for the purpose of causing Plaintiff's harm,

3  failed to disclose were known only to him and others within the A&C organization, and they could

4  not have been discovered by Plaintiffs.

5      42.     Plaintiffs were in fact unaware of the facts intentionally concealed by Wahl.

6      43.     Wahl intended to deceive and harm Plaintiffs by concealing material facts as

7  hereinabove alleged.

8      44.     Had the omitted information been disclosed, Plaintiffs reasonably would have

9  behaved differently prior to and in the course of finalizing their contractual relationships with A&C.

10     45.     Wahl's concealment as hereinabove alleged was a substantial factor in causing

11 harm to Plaintiffs.

12     46.     On information and belief, Plaintiffs allege that A&C either authorized Wahl to

13 conceal material facts as hereinabove alleged, or since the concealment, A&C has ratified the acts of

14 Wahl in concealing those material facts.

15     47.     Due to the conduct of defendant Wahl, Plaintiffs have been damaged by the

16 misrepresentations hereinabove alleged in an aggregate amount in excess of $226,933.23.

17          **The Civil Conspiracy Formed And Implemented by Wahl And A&C**

18     48.     On information and belief, Plaintiffs allege that Defendants Wahl and A&C, together

19 with other unnamed persons (collectively referred to as the "Conspirators") were, at all times

20 mentioned herein, persons in control of A&C, and owed to Plaintiffs a duty of good faith, fair

21 dealing and honesty in their negotiations with Plaintiffs on behalf of A&C.

22     49.     Each of the Conspirators was aware that they collectively planned to breach the

23 above-referenced duties of good faith, fair dealing and honesty in order to induce Plaintiffs into

24 entering into the 8/31/14 APA by misstating or concealing the true risks associated with that

25 transaction.

26     50.     Each of the Conspirators agreed with each of the other Conspirators that the

27 wrongful acts alleged above should be committed for their personal benefit, and the benefit of

28 A&C, and to the Plaintiffs' detriment.

KEEHN LAW GROUP, APC
ATTORNEYS AND COUNSELORS AT LAW
501 W. BROADWAY, SUITE 1025
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 600-2200 · FACSIMILE (619) 400-2201

Whal AP/Complaint

1      51.    Plaintiffs have been damaged by the conspiracy alleged above in an amount currently

2 unknown, but not less than $226,933.23.

3             **Plaintiffs Prosecute a State Court Action and Obtain Judgement**

4      52.    On May 11, 2017, Plaintiffs commenced an action against Wahl, A&C and others by

5 filing a verified complaint alleging, among other things, the facts alleged above (the "State Court

6 Action"). The State Court Action was filed in the North County Branch of the Superior Court of the

7 State of California for the County of San Diego, case number 37-2017-0017223-CU-BC-NC.

8      53.    The Summons and Complaint in the State Court Action were properly served upon

9 Wahl and A&C.

10     54.    Neither Wahl nor A&C responded to the Summons and Complaint, and on July 27,

11 2017, the Superior Court entered a default against both of them.

12     55.    On March 2, 2018, the Superior Court entered its "Judgment by Default" in favor of

13 Plaintiffs, and against Wahl and A&C, in the total amount of $256,053.36 (the "Judgment"). A true

14 copy of the Judgment is attached hereto as Exhibit C, the entirety of which, including its findings of

15 fact and conclusions of law, are incorporated herein by reference as if the same were fully set forth

16 at this point.

17     56.    No appeal of the Judgment was taken, and the Judgment is now final.

18     57.    No portion of the Judgment has been paid, and as of the date of filing of the above-

19 entitled Bankruptcy Case there was due and owing on account of the Judgment the aggregate sum of

20 $265,664.97. Post-petition/post-judgment interest continues to accrue at the rate of 10% per annum

21 ($70.17 per day).

22                      **FIRST CLAIM FOR RELIEF**

23     **Determination of Nondischargeability of Debt - 11 U.S.C. § 523(a)(2)(A)**

24     58.    Plaintiffs incorporate herein by this reference all of the allegations contained in

25 paragraphs 1 through 57 above, inclusive, as though the same were fully set forth herein at this

26 point.

27     59.    As shown by the facts hereinabove alleged, including, without limitation, the facts

28 established in the Judgment, defendant Wahl obtained money and property through false pretenses,

KEEHN LAW GROUP, APC
ATTORNEYS AND COUNSELORS AT LAW
501 W. BROADWAY, SUITE 1025
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

             Whal AP/Complaint

1  false representations and actual fraud.

2      60.    Accordingly, Wahl's obligations and liabilities to Plaintiffs are nondischargeable

3  under Section 523(a)(2)(A) in an amount to be shown at trial.

4                        **SECOND CLAIM FOR RELIEF**

5        **Determination of Nondischargeability of Debt - 11 U.S.C. § 523(a)(6)**

6      61.    Plaintiffs incorporate herein by this reference all of the allegations contained in

7  paragraphs 1 through 60 above, inclusive, as though the same were fully set forth herein at this

8  point.

9      62.    As shown by the facts hereinabove alleged, including, without limitation, the facts

10 established in the Judgment, defendant Wahl has willfully and maliciously inflicted injury upon

11 both of the Plaintiffs.

12      63.    Accordingly, Wahl's obligations and liabilities to Plaintiffs are nondischargeable

13 under Section 523(a)(6) in an amount to be shown at trial.

14      **Wherefore**, Plaintiffs pray for judgment against defendant Wahl as follows:

15      64.    **On the First Claim for Relief:**

16          64.1.  The Court declare that the debt owed to Plaintiffs by defendant Wahl pursuant

17          to the Judgment ($265,664.97 as of the Petition Date in the Bankruptcy Case),

18          together with Post-petition interest accruing at the rate of 10% per annum ($70.17

19          per day) are excepted and excluded from the force and effect of any discharge that

20          defendant Wahl may receive in the above-entitled Bankruptcy Case;

21          64.2.  The Court award Plaintiffs their costs of suit as shown by proof; and,

22          64.3  The Court award Plaintiffs such other and further relief as the Court deems

23          just and proper.

24      65.    **On the Second Claim for Relief:**

25          65.1.  The Court declare that the debt owed to Plaintiffs by defendant Wahl pursuant

26          to the Judgment ($265,664.97 as of the Petition Date in the Bankruptcy Case),

27          together with Post-petition interest accruing at the rate of 10% per annum ($70.17

28          per day) are excepted and excluded from the force and effect of any discharge that

KEEHN LAW GROUP, APC
ATTORNEYS AND COUNSELORS AT LAW
501 W. BROADWAY, SUITE 1025
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

Whal AP/Complaint

1    defendant Wahl may receive in the above-entitled Bankruptcy Case;

2        65.2.   The Court award Plaintiffs their costs of suit as shown by proof; and,

3        65.3   The Court award Plaintiffs such other and further relief as the Court deems

4    just and proper.

5
Dated: <u>October 6, 2018</u>                    **KEEHN LAW GROUP**
6                                                A Professional Corporation

7                                                By: //s// L. Scott Keehn
8                                                L. Scott Keehn
                                                 Attorneys for Plaintiffs
9                                                **W. Michael Corson & Co., APC and
                                                 Michael Corson**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KEEHN LAW GROUP, APC
ATTORNEYS AND COUNSELORS AT LAW
501 W. BROADWAY, SUITE 1025
SAN DIEGO, CALIFORNIA 92101
TELEPHONE (619) 400-2200 · FACSIMILE (619) 400-2201

- 10 -                                            Whal AP/Complaint

# EXHIBIT A

**Exhibit A - Page 1 of 33**

## ASSET PURCHASE AGREEMENT

**THIS ASSET PURCHASE AGREEMENT** (this "Agreement") is made as of this 31st day of August, 2014 (the "Effective Date") by and among Anton & Chia, LLP., a California Limited Liability Partnership (the "Purchaser"), W. Michael Corson & Co. APC a California professional corporation ("Seller") and W. Michael Corson, CPA, an individual ("Corson"). Purchaser, Seller and Corson are sometimes hereinafter referred to collectively as the "Parties" and individually as a "Party."

## RECITALS

A.      Purchaser is a Certified Public Accounting firm and partnership in good standing and duly licensed by the California Board of Accountancy;

B.      Seller is a Certified Public Accounting firm and  corporation in good standing and duly licensed by the California Board of Accountancy;

C.      Corson is the sole officer and director, and owner of one hundred percent ("100"% of the issued and outstanding shares of common stock, of Seller, and is a Certified Public Accountant in good standing with, and duly licensed by, the California Board of Accountancy;

D.      Purchaser desires to acquire the client list, and  client relationships of Seller and Other Assets (defined below) of Seller, and Seller desires to sell its client list, client relationships and Other Assets to Purchaser.

E.      Corson as the sole officer, director and shareholder of Seller consents to, approves and ratifies the sale to Purchaser of Seller's client list, client relationships and  Other Assets, as hereinafter defined.

F.      The Parties desire to make certain representations, warranties, covenants and agreements in connection with Purchaser's acquisition of Seller's client list, client relationships and  Other Assets, as hereinafter defined.

**NOW, THEREFORE,** in consideration of the premises, the Parties agree as follows:

The Recitals set forth above are contractual and are incorporated in and made a part of this Agreement.

## Article 1
## Acquisition

1.01      **Assets**. Effective as of August 31, 2014 (the "Acquisition Date"), Purchaser hereby purchases and acquires, and Seller, hereby sells, assigns, transfers, conveys and delivers to Purchaser (the "Acquisition"), the client list and current client relationships of Seller as identified in Exhibit "A," attached hereto (the "Clients"),  information technology to support said Clients, and the personal property identified on Exhibit "B", attached hereto  (the "Other Assets""). The

125969

Clients, information technology and the Other Assets are hereinafter sometimes collectively referred to as the (or Seller's ) "Practice Assets." No other assets of Seller are a part of this Agreement, and all of them shall be retained by Seller. The Seller will terminate all of its employees effective as of the Acquisition Date, and will fully and diligently cooperate with Purchaser to effectuate the employment of those employees by Purchaser as to those employees that Purchaser, in its sole discretion, desires to employ on and after the Acquisition date.

1.02    **Liabilities**. Effective as of the Acquisition Date, Purchaser hereby assumes the obligation to continue and complete all work in process relative to Seller's Clients. Seller and Corson will retain all liabilities, debts, obligations, expenses and other commitments of Seller and Corson related to the Practice Assets and all other liabilities, debts, obligations, expenses and other commitments of Seller and Corson (the "Retained Liabilities") and will satisfy such Retained Liabilities as they come due. Purchaser does not assume and otherwise will have no obligation or liability whatsoever to any person or entity  with respect to any of the Retained Liabilities.

1.03    **Consent**. In his capacity as the sole officer, director and shareholder of Seller, Corson hereby consents to Seller's sale, transfer, assignment, conveyance and delivery of Seller's Clients, the information technology and the Other Assets to Purchaser.

1.04    **Books and Records**. Subject to Seller's compliance with all applicable privacy laws, rules and regulations and the Clients' written consent, Seller shall deliver to Purchaser on the Acquisition Date: (i) Seller's books and records pertaining to the Clients and , including, without limitation, Client files, correspondence, work papers, research, books of account, ledgers, financial and accounting records; and (ii) Seller's electronically stored information and data pertaining to the Clients .

## Article 2
## Consideration

2.01 In exchange for Seller's sale, transfer, assignment, conveyance and delivery of the Practice Assets to Purchaser and Corson's consent thereto, Purchaser hereby agrees to purchase Seller's Practice Assets for a price equal to 100% of the  actual revenues ("Seller's Clients' Revenues") received by Purchaser on account of work performed for the Clients in the twelve month period immediately following the  Acquisition Date (the "Purchase Price") . Based upon all information currently available to them the Parties  agree that the actual Purchase Price will likely be  $460,000 (the "Estimated Purchase Price"). The Purchase Price shall be paid as follows: (i) a payment will be made to Seller on January 1, 2015, in an amount equal to 25% of the Estimated Purchase Price; and, (ii) thereafter, a payment will be made to Seller on January 1, 2016, January 1, 2017, and January 1, 2018, each in an amount equal to 25% of the actual Purchase Price, as determined on August 31, 2015. If the actual Purchase Price, as determined on August 31, 2015, is greater than the Estimated Purchase Price, then on January 1, 2016, Purchaser shall pay to Seller, in addition to 25% of the actual Purchase Price,  an amount equal to 25% of the difference between the  actual Purchase Price (as determined on August 31, 2015) and the Estimated Purchase Price. If the actual Purchase Price, as determined on August 31, 2015, is less than  the Estimated Purchase Price, then the amount payable to Seller on January 1, 2016, shall be

reduced by an amount equal to 25% of the difference between the actual Purchase Price and the Estimated Purchase price.

2.02 Seller will be solely responsible for ensuring proper governance over its non Practice Assets, if any, and future disposition of any such remaining assets in the event of future liquidation or otherwise. Seller shall allow the Purchaser, at no cost or charge to the Purchaser, to use those items of Seller's equipment described on Exhibit "C" (the "Loaned Equipment") for Purchaser's operations.

2.03 (a)  On and after the Acquisition Date, Corson shall continue to render services to the Clients in the same manner conducted prior to the Acquisition Date.

(b) For so long as Corson renders services to the Clients and remains a partner of Purchaser, Corson shall be entitled to an annual base draw from the Purchaser commencing on the Acquisition Date through December 31, 2015, in an amount equal to 30% of the Estimated Purchase Price, as adjusted by the actual Purchase Price on August 31, 2015. Commencing on January 1, 2016, through December 31, 2017, Corson's draw shall be based on actual collections per annum from the Clients. The Parties shall, in good faith, on January 1st of 2016 and 2017 estimate the amount anticipated will be collected from the Clients in the year 2016 and then again in the year 2017 (the "Twelve Month Estimate"). Corson's annual base draw shall be equal to 30% of the Twelve Month Estimate. Corson's annual base draw shall be adjusted upward or downward at the expiration of each 12 month period to reflect actual collections from the Clients. Thereafter, commencing January 1, 2018, the Parties agree to negotiate in good faith ongoing annual draw, if any, for Corson.

(c) Corson will begin work with the Purchaser effective as of the Acquisition Date. Draws will be paid on the 1st day and 16th day of each month, or the last business day preceding those dates when they fall on a weekend or holiday recognized as a legal holiday by the State of California.  Corson's Board of Accountancy licensing renewal fees, AICPA and California Society of CPA's dues and all other professional association fees and dues and professional liability insurance coverage, shall be paid by the Purchaser. Purchaser shall provide Corson with, and agrees to pay for him to accrue, forty (40) hours of continuing education per year to maintain his licensing. Purchaser has standard benefit programs it will provide Corson, which includes medical, dental, etc.

2.04 In addition to Corson's base draw for his services rendered to Clients, Corson shall be paid a sum equal to 10% of the collected net revenues on any new clients Corson introduces to Purchaser, following the Acquisition Date. For all new clients introduced by Purchaser, which shall include, without limitation, future client list acquisitions made by Purchaser, Corson shall not receive 10% or any percentage of the net revenues received by Purchaser arising for services rendered to such new clients. For purposes of this Section 2.04, net revenues means all revenue collected from new clients, and does not include all out-of-pocket costs attributable to such new clients and an administrative fee equal to four percent (4%) of the fee revenue collected from new clients.  Corson will receive 40% of the collected to be determined hourly rate (for example, if Corson's hourly rate is $250 and he works 10 hours on a client and Anton collects the $5,000, Corson will receive $2,000) for work performed by Corson on any client whose revenue does not result in compensation to Corson under any other provision of this Agreement,

payment of which to Corson shall be subject to Purchaser's actual collection of fees from any such clients.

2.05 On August 31, 2014, all administration, billing, cash collection for work performed by both Corson and Purchaser shall be centralized and integrated into Purchaser's administrative processes and oversight. Effective as of Acquisition Date, invoicing and cash administration for work performed on or after that date is to be handled by Purchaser. Effective as of Acquisition Date, and continuing so long as Corson remains a partner of Purchaser, Purchaser shall on the first business day of each month pay to Seller the sum of $ 2,023.04, which Corson represents equals one-half of the Seller's debt service payments due under Seller's promissory note to Norman Laslow ("Laslow")(the "Laslow Note"). Purchaser's obligation to Seller under this Section 2.05 is strictly an obligation owed by Purchaser to Seller, and all Parties agree that Laslow is not intended to be, nor may he be construed to be a third party beneficiary to this Agreement. The Parties further and expressly agree that Purchaser is not assuming Seller's liability or debt obligations, nor shall Purchaser have any liability whatsoever, under the Laslow Note. Purchaser's obligation to Seller under this Section 2.05 shall continue until the first to occur of any one of the of the following events: (i) Corson's removal or voluntary withdrawal or separation as a partner of the Purchaser; (ii) the Laslow Note is paid in full; (iii) December 31, 2017.

### Article 3
### Insurance

3.01 Purchaser and Seller shall exercise their best efforts with due diligence to purchase a 5 year tail to Seller's existing Errors and Omissions Policy effective as of the Acquisition Date, or alternatively an endorsement to Purchaser's existing Errors and Omissions Policy to be effective as of the Acquisition Date, in either case covering losses incurred by or arising out of the activities of all of Seller's accounting personnel relative to the Clients. The actual out of pocket expense of effectuating the provisions of this Article 3 shall be born equally by Purchaser and Seller.

### Article 4
### Representations and Warranties of Seller and Corson

4.01 Seller and Corson, jointly and severally, warrant and represent to Purchaser:

(a)  Seller and Corson have full power and authority to execute and deliver this Agreement and to perform the obligations hereunder. This Agreement as executed and delivered, will be duly authorized, executed and delivered by, and a valid and binding agreement of, Seller and Corson, enforceable in accordance with its terms, and no further action, approvals or consents are necessary on the part of Seller or Corson, nor is it necessary for Seller or Corson to obtain any actions, approvals or consents from any third persons, governmental agency or other person to make this Agreement valid and binding upon and enforceable against them in accordance with its terms, or to enable Seller or Corson to perform this Agreement and the transactions contemplated thereby, except for any required consents from the Clients.

4

**Exhibit A - Page 5 of 33**

(b)     The Client list attached hereto as Exhibit "A" is a full and complete list of the currently active Clients of Seller.

(c)     Seller has, and will convey to Purchaser, good and marketable title to the Practice Assets free and clear of all liens, pledges, leases, charges, encumbrances, equities, claims, contracts, security interests, or any other interests of any nature whatsoever.

(d)     To their knowledge, neither Seller nor Corson has been and are not now in violation of any federal, state or local laws, regulations or orders relative to their accounting practice or the Practice Assets.

(e)     There are no claims, actions, suits, proceedings or investigations, judicial or administrative, pending, involving or threatened against or affecting either Seller, Corson, or the Practice Assets,  or that seek to restrain, prohibit or invalidate the transactions contemplated by this Agreement or that  materially affect the right of Purchaser to own the Practice Assets.  Neither Seller nor Corson knows of any basis for any such action, suit, proceeding or investigation.

(f)     Corson and Seller have conducted their own review, investigation, inspection and analysis (collectively, "Inspection") of the Purchaser, has reviewed all Purchaser documents they have requested, have had an opportunity to ask questions of and receive answers from representatives of the Purchaser regarding the business and financial status of the Purchaser and hereby approve their Inspection.

4.02  Purchaser warrants and represents to Seller and Corson:

(a)     Purchaser has full power and authority to execute and deliver this Agreement and to perform the obligations hereunder.  This Agreement as executed and delivered, will be duly authorized, executed and delivered by, and a valid and binding agreement of Purchaser, enforceable in accordance with its terms, and no further action, approvals or consents are necessary on the part Purchaser, nor is it necessary for Purchaser to obtain any actions, approvals or consents from any third persons, governmental agency or other person to make this Agreement valid and binding upon and enforceable against them in accordance with its terms, or to enable Purchaser to perform this Agreement and the transactions contemplated thereby, except for any required consents from the Clients to be acquired hereunder.

(b)     To its knowledge, Purchaser has not been and is not now in violation of any federal, state or local laws, regulations or orders relative to its Certified Public Accounting Practice.

(c)     There are no claims, actions, suits, proceedings or investigations, judicial or administrative, pending, involving or threatened against or affecting Purchaser except as follows: (i) the claim and demand of James River Holdings Corporation ("JRHC") for alleged unfair business practices; alleged breach of the AICPA's Code of Professional Conduct; alleged breach of PCAOB auditing standards; alleged breach of California Code of Professional Regulations; alleged professional malpractice; alleged gross negligence; and alleged fraud.  JRHC's claims for damages are in excess of $75,000 and the matter is now in arbitration under California jurisdiction. Purchaser represents and warrants that to its knowledge there are no claims, actions, suits, proceedings or investigations, judicial or administrative, pending, involving or threatened against

or affecting Purchaser that seek to restrain, prohibit or invalidate the transactions contemplated by this Agreement or that might materially affect the right of Seller and/or Corson hereunder.

(d)    Purchaser conducted its own review, investigation, inspection and analysis (collectively, "Inspection") of Seller, has reviewed all documents it has requested, has had an opportunity to ask questions of and receive answers from representatives of Seller regarding the business and financial status of the Seller and hereby approves its Inspection.

## Article 5
### [RESERVED]

### Article 6
### Conditions to Purchaser's and Seller's and Corson's Obligations to Close

6.01    Seller and Corson covenant and agree that, and except as otherwise disclosed by a written notice and approved by the Party that may be adversely affected by the facts disclosed in that notice, neither Seller or Corson shall have any obligation to consummate and close the purchase of the Practice Assets as contemplated by this Agreement, unless from and after the the "Effective Date of this Agreement" and through the Acquisition Date:

(a)    All of the representations, warranties and covenants of Seller and Corson contained herein shall be true and correct, and shall not have been breached, on and as of the Acquisition Date.    All of the representations, warranties and covenants contained in this Agreement shall continue to be true and correct.

(b)    Seller and Corson have continued to carry on their Certified Public Accounting practice in the ordinary course diligently and substantially in the same manner as heretofore conducted. Purchaser, Seller and Corson have not taken any action that would cause any of the representations and warranties made by Seller and Corson in this Agreement to be untrue or incorrect in any material respect on and as of the Acquisition Date, with the same force and effect as if made on and as of the Acquisition Date.  Seller and Corson have used commercially reasonable efforts to preserve Seller's  Clients and relationships with Clients prior to, and on and after the Acquisition Date.

(c)    Seller has not sold or otherwise transferred, or granted any security or other interest in, the Client list, information technology or  the Other Assets to any other person or entity.

6.02    Purchaser  covenants and agrees that, except as otherwise disclosed by a written notice and approved by the Party that may be adversely affected by the facts disclosed in that notice,  neither Seller nor Corson shall have any obligation to consummate and close the sale of the Practice Assets as contemplated by this Agreement, unless from and after the complete execution and delivery of this Agreement  (the "Effective Date of this Agreement ") and through the Acquisition Date:

(a)    All of the representations, warranties and covenants of Purchaser contained herein shall be true and correct, and shall not have been breached, on and as of the Acquisition Date.  All of the representations, warranties and covenants contained in this Agreement shall continue to be true and correct.

(b)    Purchaser has continued to carry on its Certified Public Accounting practice in the ordinary course diligently and substantially in the same manner as heretofore conducted. Purchaser has not taken any action that would cause any of the representations and warranties made by Purchaser in this Agreement to be untrue or incorrect in any material respect on and as of the Acquisition Date, with the same force and effect as if they had first been made on and as of the Acquisition Date.  Purchaser has used commercially reasonable efforts to preserve the enterprise value of its Certified Public Accounting practice as it was the Effective Date of this Agreement.

(c)    Purchaser has not transferred any asset, granted any security or other interest in its property, or made or become obligated to make any distribution to its partners that would be outside of the ordinary course of its business as conducted prior to the Effective Date of this Agreement.

## Article 7
## Representations, Warranties and Covenants True as of and After the Acquisition Date

7.01    All of the rights and remedies of the Parties arising out of or related to the representations, warranties and covenants contained herein shall survive the Acquisition Date.

## Article 8
## Indemnification

8.01    Seller and Corson, jointly and severally, hereby agree to indemnify, defend and hold harmless Purchaser and its representatives, partners, controlling persons and affiliates (the "Purchaser Indemnified Parties") for, and will pay to the Purchaser Indemnified Parties the amount of, any uninsured loss, liability, claim, damage (including incidental and consequential damages), expense (including costs of investigation and defense and reasonable attorneys' fees) or diminution of value, whether or not involving a third-party claim (collectively, "Damages"), arising, directly or indirectly, but proximately caused by  or in connection with (i) any breach of any representation or warranty made by Seller or Corson in this Agreement (ii) any breach by Seller or Corson of any covenant or obligation of Seller or Corson in this Agreement; (iii) any claim by any person for brokerage or finder's fees or commissions or similar payments based upon any agreement or understanding alleged to have been made by such person with Seller or Corson (or any person acting on their behalf) in connection with any of the transactions contemplated by this Agreement; (iv) the failure of Seller to assume, pay, perform and discharge Seller's Retained Liabilities; (v) any actual or alleged malpractice by Seller or Corson to the extent attributable to services provided by Seller or Corson prior to the Acquisition date; (vi) any claims, suits, demands, decrees or regulatory actions taken against Seller or Corson prior to the Acquisition Date; or (vii) the Retained Liabilities. The Parties agree that Purchaser shall have the right to offset and reduce any payments payable to Seller or  Corson pursuant to this Agreement  by any and all amounts of any Damages owed by Seller and Corson, and payable by Seller and Corson, to Purchaser under this Article 8.

For purposes of this Section 8.01 Damages do not arise until the earlier of the date (a) upon which the Parties agree that the particular item of claimed Damage is uninsured, (b) the date upon which the Party entitled to tender a claim for a particular item of claimed Damage  to an insurance carrier first declines or elects not to tender that claim, (c) the insurance carrier to whom the claim related to a particular item of claimed Damage has been tendered has made a final determination to

deny coverage or (d) the date upon which the actual or probable liability for a particular item of claimed Damage is determined to be in excess of the amount of coverage available under the applicable policy of insurance. In all cases, neither Seller nor Corson have any obligation under this Section 8.01 unless and until Damage has arisen within the meaning of this Section 8.01. The amount of Seller and Corson's obligation to provide indemnity for the Damages arising from any harm defined as Damage in this Agreement is limited to the uninsured amount of such Damage.

8.02     Purchaser hereby agrees to indemnify, defend and hold harmless Seller, Corson and their representatives, partners, controlling persons and affiliates (the "Seller Indemnified Parties") for, and will pay to the Seller Indemnified Parties the amount of, any uninsured loss, liability, claim, damage (including incidental and consequential damages), expense (including costs of investigation and defense and reasonable attorneys' fees) or diminution of value, whether or not involving a third-party claim (collectively, "Damages"), arising, directly or indirectly, but proximately caused by  or in connection with (i) any breach of any representation or warranty made by Purchaser in this Agreement (ii) any breach by Purchaser of any covenant or obligation of Purchaser in this Agreement; (iii) any claims, suits, demands, decrees or regulatory actions taken against Purchaser arising out of the any services rendered by Purchaser prior to the Acquisition date; (iv) any claim by any person for brokerage or finder's fees or commissions or similar payments based upon any agreement or understanding alleged to have been made by such person Purchaser (or any person acting on their behalf) in connection with any of the transactions contemplated by this Agreement; (iv) the failure of Purchaser to assume, pay, perform and of its obligations under this Agreement  or (v)any actual or alleged malpractice by Purchaser to the extent attributable to services provided by Purchaser on or prior to the Acquisition Date.

For purposes of this Section 8.02 Damages do not arise until the earlier of the date (a) upon which the Parties agree that the particular item of claimed Damage is uninsured, (b) the date upon which the Party entitled to tender a claim for a particular item of claimed Damage  to an insurance carrier first declines or elects not to tender that claim, (c) the insurance carrier to whom the claim related to a particular item of claimed Damage has been tendered has made a final determination to deny coverage or (d) the date upon which the actual or probable liability for a particular item of claimed Damage is determined to be in excess of the amount of coverage available under the applicable policy of insurance. In all cases, the Purchaser shall not have any obligation under this Section 8.02 unless and until Damage has arisen within the meaning of this Section 8.02. The amount of Purchaser's obligation to provide indemnity for the Damages arising from any harm defined as Damage in this Agreement is limited to the uninsured amount of such Damage.

## Article 9
## Miscellaneous

9.01     **Assignment**. No right or obligation of a Party to this Agreement may be assigned or encumbered without the prior written consent of all Parties.

9.02     **Counterparts**. This Agreement may be executed in several counterparts, each of which shall be an original, but all of which shall constitute one and the same instrument. In the event that any signature is delivered by facsimile transmission or by e-mail delivery of a ".pdf" format data file, such signature shall create a valid and binding obligation of the Party executing

(or on whose behalf such signature is executed) with the same force and effect as if such facsimile or ".pdf" signature page were an original thereof.

9.03    **Confidentiality**. The Parties agree that the matters set forth in this Agreement are strictly confidential. In addition, the Parties agree to keep strictly confidential all information of a proprietary or confidential nature about or belonging to a disclosing Party to which any other Party gains or has access by virtue of this Agreement. Except as disclosure may be required to obtain the advice of professionals or consultants or as may be required by law or by the order of any government, regulatory authority or tribunal, each Party will make every effort to ensure that such confidential information is not disclosed to any other third person without the prior consent of the disclosing Party.

9.04    **Further Assurances**. The Parties will do and cause to be done all such acts, matters and things and shall execute and deliver all such documents and instruments as shall be required to enable the Parties to perform their respective obligations under, and to give effect to the transactions contemplated by, this Agreement.

9.05    **Entire Agreement**. This Agreement constitutes the entire agreement among the Parties relating to the subject matter hereof and supersedes all prior contracts and understandings, written or oral. This Agreement may not be amended or modified unless so amended or modified in writing and signed by all the Parties.

9.06    **Interpretation**. Unless the context otherwise requires, the word "hereof", "herein" and other words of similar impact shall refer to this Agreement as a whole and not to any particular Article, Section or other subdivision of this Agreement; the plural and the singular shall include the other; the masculine shall include the feminine and neuter; the word "including" shall be without limitation regardless of whether followed by such words of similar import; and a reference to an agreement or instrument shall be to the agreement or instrument as amended or modified through the date as of which the reference is made. The Recitals set forth at the beginning of this Agreement are incorporated in and made a part of this Agreement. All parties have negotiated at arm's length and participated equally in the drafting of this Agreement. Accordingly, all portions of this Agreement shall be fairly and nuetrally construed to effectuate the intentions of the Parties and the purposes of this Agreement; and no portion of this Agreement shall be construed against any Party because that Party or their attorney drafted the provision.

9.07    **Notices**. All notices and other communications required or permitted to be given under this Agreement shall be in writing and shall be deemed to have been duly given and to be effective on the date on which such communications are delivered by personal delivery, by facsimile transmission (with telephonic confirmation of receipt), DHL, Federal Express or other similar courier service or by the United States Postal Service after being deposited with the United States Postal Service as Express Mail or as registered or certified matter, postage prepaid, return receipt requested, addressed to the parties at the addresses specified below, or at such other address as the party to whom the notice is sent has designated in accordance with this Section 9.07.

**Purchaser:**      3501 Jamboree Road, Suite 540, Newport Beach, CA 92660



Seller:          1547 Lorraine Drive, Encinitas, CA 92024

Corson:          1547 Lorraine Drive, Encinitas, CA 92024

9.08    **Governing Law.** This Agreement is executed and delivered in California and will be governed by the laws of the State of California without reference to conflict of law provisions.

9.09    **Arbitration.** Any controversy or claim arising out of or relating to this Agreement, or any alleged breach hereof, that is not resolved by the Parties will be resolved exclusively by arbitration except to the extent that one Party may seek equitable relief against another Party. The Parties agree that any such controversy shall be settled by binding arbitration. The dispute shall be submitted to one arbitrator as agreed to by the parties. The arbitrator shall be either a former judge (with preference given to a retired Federal Judge) or an attorney with at least 20 years experience, unless otherwise agreed to by the parties. The arbitration shall occur in Orange County. The JAMS comprehensive Arbitration Rules and Procedures will apply. In particular, pursuant to the JAMS Rules, the parties acknowledge that summary judgment, summary adjudication or summary disposition of claims or issues are available. Judgment upon the arbitration award rendered by the arbitrator may be entered in any court of competent jurisdiction. The substantive law of the State of California, without giving effect to its conflict of laws principles, shall be applied, and the arbitrator shall not have the power to commit errors of law or legal reasoning. The arbitrator's decision shall be reviewable in the California Court of Appeal for the Second District, to the same extent as if it were decided by a Judge of the Orange County Superior Court. The parties agree to split the cost of arbitration equally, including the cost of a court reporter to record the arbitration proceedings if any Party requests a reporter; provided however that the prevailing party in the Arbitration shall be entitled to recover its attorneys' fees and costs.

Notwithstanding the foregoing, the Parties shall obtain the written agreement of arbitrator to the following: (i) the arbitrator shall provide a written ruling, stating in separate sections the findings of fact and conclusions of law on which his or her ruling is based; and (ii) the ruling shall be due no later than thirty (30) days after the final hearing and within three (3) months after commencement of the arbitration. Except to the extent necessary to seek or defend against an action seeking to obtain a judgment confirming the Arbitration award, all matters relating to such arbitration and the results thereof shall be confidential. Judgment on the award of the arbitrators may be entered in any court of proper jurisdiction.

9.10    **Survivorship.** The rights and remedies of the Parties arising from or related to a breach or claimed breach of any of the representations, covenants and obligations of the Parties as set forth in this Agreement shall survive the Acquisition Date.

9.11    **Binding Effect.** All of the terms, covenants and conditions herein contained shall be for and shall inure to the benefit of and shall bind the respective Parties hereto and their successors and assigns, respectively.

9.12    **Severability.** If any provision of this Agreement is, becomes or is deemed invalid, illegal or unenforceable in any jurisdiction, such provision shall be deemed amended to conform to

the applicable laws so as to be valid and enforceable, or, if it cannot be so amended without materially altering the intention of the Parties hereto, it shall be stricken and the remainder of this Agreement shall remain in full force and effect.

9.13 **Paragraph Headings.** The headings of the several paragraphs of this Agreement are inserted solely for convenience of reference and are not part of and are not intended to govern, limit or aid in the construction of any term or provisions herein.

9.14 **Waiver.** No waiver by a party of any breach of or default under this Agreement shall be deemed to be a waiver of any other breach or default of any kind or nature, whether or not such party knows of such breach or default at the time it or he accepts such payment or performance. No failure or delay on the part of a Party to exercise any right it or he may have with respect to this Agreement shall prevent the exercise thereof by such Party at any time such other Party may continue to be so in default, and no such failure or delay shall operate as a waiver of any default. A failure by either Party to insist upon strict compliance with any of the terms of this Agreement in any instance shall not be construed as a waiver of such terms in the future.

9.15 **Construction.** The Parties agree that this Agreement is the product of negotiation among the Parties, all of whom are represented by counsel, and each of whom had an opportunity to participate in and did participate in, the drafting of each provision of this Agreement. Accordingly, ambiguities in this Agreement, if any, shall not be construed in favor of or against any Party.

**IN WITNESS WHEREOF,** the Parties have executed this Agreement as of the date first above written.

SELLER:

W. Michael Corson & Co. APC,
a California professional corporation

By: _____
   Michael Corson, Its President

_____
Michael Corson, individually

PURCHASER:

Anton & Chia, LLP, a California
limited liability partnership

By: _____
   Gregory Wahl, Its _____

~~Exhibit A - CLIENT LIST~~

11
**Exhibit A - Page 12 of 33**

## EXHIBIT A

Exhibit A to the Asset Purchase Agreement between Anton & Chia LLP and W. Michael Corson & Co. APC dated August 31, 2014 consists of the sixteen page "Client Address Listing" attached. Subject to possible additions only.

Sep 05, 2014          4:29:01 PM

Corson Gonzales & Zaslow LLP

Page: 1

# Client Address Listing
### Partner - Client Code

| Client Number | Client Name | Address | Fax Number |
|---|---|---|---|
| | **iner: Corson, W. Michael (0001)** | | |
| ABLC.00 | Arytha Biosciences LLC | 11575 Sorrento Valley Road<br>Suite 217<br>San Diego, CA 92121<br>USA | |
| ACHI.00 | Alexander Construction & Home Inspection | 2955 Curlew Street<br>San Diego, CA 92103<br>USA | |
| ADAT.00 | Ted Adams | 7201 Fay Avenue<br>La Jolla, CA 92037<br>USA | |
| ADWM.00 | ADW Management, LLC | 3525 Del Mar Heights Road<br>Apartment No. 751<br>San Diego, CA 92130<br>USA | |
| AEDM.00 | A. E. D. Management LLC | 820 West 3rd Street<br>Apartment No. 4108<br>Austin, TX 78701<br>USA | |
| AEDT.00 | Amy E. Dieckmann 2011 Trust | Amy E. Dieckmann, Trustee<br>3223 Lemmon Avenue<br>Apartment No. 5115<br>Dallas, TX 75204<br>USA | |
| AJME.00 | AJ Makai Enterprises, Inc. | dba Coastal Caulking Waterproofing<br>7040 Avenida Encinas<br>Suite 104-11<br>Carlsbad, CA 92011<br>USA | |
| ALET.00 | Todd Alexander and Meredith A. Cook | 1220 Third Avenue<br>San Diego, CA 92101<br>USA | |
| ...H.00 | Hussien A. and Maria L. Al-Shamma | 134 Townwood Way<br>Encinitas, CA 92024<br>USA | |
| ALTB.0 | Barbara and Philip Altfest | 13946 Mira Montana<br>Del Mar, CA 92014<br>USA | |
| ALTE.00 | Eric Altfest | 25 Canyon Crest Drive<br>Corona del mar, CA 92625-1142<br>USA | |
| ALTM.00 | Michael and Tamar Altfest | 1500 Visalia Avenue<br>Albany, CA 94707<br>USA | |
| ALTP.00 | Estate of Philip Altfest | 13946 Mira Montana<br>Del Mar, CA 92014<br>USA | |
| AMBD.00 | Dylan Ambro | 2265 Manchester Avenue<br>Cardiff by the Sea, CA 92007<br>USA | |
| AMBT.00 | Tawny J. Ambro | 2265 Manchester Avenue<br>Cardiff by the Sea, CA 92007<br>USA | |
| AMIF.00 | Amiford, LLC | 363 Prospect Street<br>La Jolla, CA 92037<br>USA | |
| ARTU.00 | The Art of the Unconscious, LLC | 15843 Caminito Cantaras<br>Del Mar, CA 92014<br>USA | |
| ATPI.00 | Ate Thirty Productions, Inc. | Austin, TX<br>USA | |
| AXSI.00 | Axiom Shelter Island LLC | Post Office Box 81676<br>San Diego, CA 92138<br>USA | |
| L..SR.00 | Rosa M. Bass | 444 North El Camino Real<br>Apartment No. 131<br>Encinitas, CA 92024<br>USA | |

Sep 05, 2014          4:29:01 PM

Corson Gonzales & Zaslow LLP

# Client Address Listing
### Partner - Client Code

Page: 2

| Client Number | Client Name | Address | Fax Number |
|---|---|---|---|
| 3.00 | Bass Family "B" Trust | 444 North El Camino Real<br>Encinitas, CA 92024<br>USA | |
| BEBE.00 | Big Easy Bebe, LLC | 500 West 6th Street<br>Suite 401<br>Austin, TX 78701<br>USA | |
| BEHL.00 | Lynn A. and Joanne M. Behymer | 3085 Blenkarne Drive<br>Carlsbad, CA 92008-1117<br>USA | 760-434-0556 |
| BFBT.00 | Bradley Family "B" Trust | 50-855 Washington Street<br>La Quinta, CA 92253-2891<br>USA | |
| BIDS.00 | Sandra B. Biddulph | 1830 Avenida Mimosa<br>Encinitas, CA 92024<br>USA | |
| BIEJ.00 | James W. III and Marie E. Biers | 305 Oakbranch Drive<br>Encinitas, CA 92024<br>USA | 760-942-4861 |
| BIFT.00 | Biers Family Trust | 305 Oakbranch Drive<br>Encinitas, CA 92024<br>USA | |
| BLIV.00 | Verna Bliss | 1157 San Pablo Drive<br>San Marcos, CA 92078<br>USA | |
| BOHR.00 | Roger E. and Elizabeth C. Bohn | 3631 Syracuse Avenue<br>San Diego, CA 92122<br>USA | |
| BOLJ.00 | John P. and Diane B. Boland | 583 Lakewood Way<br>Upland, CA 91786<br>USA | |
| BRAJ.00 | Justin J. Braune | 1420 Vine Street<br>San Diego, CA 92103<br>USA | |
| BRAV.00 | Bray Valley Ranch, LLC | 4281 Weise Road<br>Carson City, NV 89703-9405<br>USA | |
| BRDM.00 | David M. Bradley | Post Office Box 3725<br>Manhattan Beach, CA 90266<br>USA | |
| BREI.00 | Braune Enterprises, Inc. | 1420 Vine Street<br>San Diego, CA 92103<br>USA | |
| BROA.00 | Adam J. Brody | 10217 Avenida Magnifica<br>San Diego, CA 92131<br>USA | |
| BROD.00 | Deborah A. Brown | 1005 Alta Vista Drive<br>Vista, CA 92084-5521<br>USA | |
| BROM.0 | Miriam Brown | 7865 Via Montebello<br>Apartment 3<br>San Diego, CA 92129<br>USA | |
| BROR.0 | Raymond Brown and Hui Zhu | Post Office Box 8908<br>Rancho Santa Fe, CA 92067<br>USA | |
| BROS.00 | Sean Brody | 10217 Avenida Magnifica<br>San Diego, CA 92131<br>USA | |
| BRUT.00 | Bruce Minteer Trust | Post Office Box 675568<br>Rancho Santa Fe, CA 92067<br>USA | |
| BULS.00 | Sandra A. Bullock | c/o John Chamblee<br>500 West 6th Street<br>Suite 401 - Second Floor<br>Austin, TX 78701<br>USA | |
| CAFT.00 | Casey Family Exemption Trust of 1981 | c/o Patricia F. Casey Trustee<br>Post Office Box 675575<br>Rancho Santa Fe, CA 92067<br>USA | |

Sep 05, 2014          4:29:01 PM

Corson Gonzales & Zaslow LLP
## Client Address Listing
Partner - Client Code

Page: 3

| Client Number | Client Name | Address | Fax Number |
|---|---|---|---|
| ?.00 | Philip and Jane Carroll | 1297 Shorebird Lane<br>Carlsbad, CA 92011<br>USA | |
| CASK.00 | Karen Casey | 2805 La Gran Via<br>Carlsbad, CA 92009<br>USA | |
| CASR.00 | Patricia F. Casey | Post Office Box 675575<br>Rancho Santa Fe, CA 92067<br>USA | |
| CFTR.00 | Christine A. Flanagan 2011 Trust | Amy E. Dieckmann, Trustee<br>3223 Lemmon Avenue<br>Apartment No. 5115<br>Dallas, TX 75204<br>USA | |
| CGNZ.00 | Corson Gonzales & Zaslow LLP | 380 Stevens Avenue<br>Suite 210<br>Solana Beach, CA 92075<br>USA | |
| COBR.00 | Costa Brava Corporation | 2653 Ocean Street<br>Carlsbad, CA 92008<br>USA | |
| COLC.00 | Carol L. Collins | 11834 Valencia Gardens Avenue<br>Palm Beach Garden, FL 33410<br>USA | |
| CORB.00 | Steven D. and Brenna C. Weatherby | 7306 Sitio Lirio<br>Carlsbad, CA 92009<br>USA | |
| CORC.00 | Corson Consulting, Inc. | 1715 Freda Lane<br>Cardiff by the Sea, CA 92007<br>USA | |
| CORW.00 | W. Michael and Barbara J. Corson | 1547 Lorraine Drive<br>Encinitas, CA 92024<br>USA | |
| ..00 | California Pier View LLC | 1814 South Pacific Street<br>Oceanside, CA 92054<br>USA | |
| CRAV.00 | Elaine Lugo | 3887 Pell Place<br>Apartment No. 134<br>San Diego, CA 92130<br>USA | |
| CSII.00 | CSquared International, Inc. | 11834 Valencia Gardens Avenue<br>Palm Beach Garden, FL 33410<br>USA | |
| CSQI.00 | CSquared International, Inc. | 701 North Atlantic Avenue<br>Apartment No. 402<br>New Smyrna Beach, FL 32169<br>USA | |
| CTIL.00 | CTI Investments LLC | 910 Greg Street<br>Sparks, NV 89431<br>USA | |
| DARL.00 | DD Axiom Resources LLC | 2323 San Juan Road<br>San Diego, CA 92103<br>USA | |
| DE96.00 | Deviceninesix, Inc. | 7306 Sitio Lirio<br>Carlsbad, CA 92009<br>USA | |
| DELR.00 | Jenny Delgado | 505 Hill Drive<br>Glendale, CA 91206-2840<br>USA | |
| DELT.00 | Jenny Delgado Trust | c/o Barbara J. Corson Trustee<br>1547 Lorraine Drive<br>Encinitas, CA 92024<br>USA | |
| DEPD.00 | DEP Developers, LP | 3525 Del Mar Heights Road<br>Apartment No. 751<br>San Diego, CA 92130<br>USA | |
| DERC.00 | DCI Technology Corporation | 2930 Norman Strasse Road<br>Suite 104<br>San Marcos, CA 92069<br>USA | 760-727-2643 |

Sep 05, 2014          4:29:01 PM
Corson Gonzales & Zaslow LLP
### Client Address Listing
Partner - Client Code

Page: 4

| Client Number | Client Name | Address | Fax Number |
|---|---|---|---|
| .00 | Tia Diamontopoulos | 3614 Bernwood Place<br>Apartment No. 34<br>San Diego, CA 92130<br>USA | |
| DIEA.00 | Amy E. Dieckmann | 5745 Bozeman Drive<br>Apartment No. 8333<br>Plano, TX 75204<br>USA | (215) 732-2551 |
| DIET.00 | Trevor J. Dieckmann | 1749 North Wells<br>Apartment No. 1905<br>Chicago, IL 60614<br>USA | 630-368-3977 |
| DIEW.00 | Wallace C. and Linda B. Dieckmann | 363 Prospect Street<br>La Jolla, CA 92037<br>USA | |
| DINT.00 | Thomas D. and Laurie J. Di Noto | 365 Pacific Avenue<br>Solana Beach, CA 92075<br>USA | |
| DITR.00 | The Dieckmann Trust | Wallace C. Dieckmann, Trustee<br>786 Amiford Drive<br>San Diego, CA 92107-4253<br>USA | |
| .M.00 | Daniel J. Bressler, MD, Inc. | 501 Washington Street<br>Suite 705<br>San Diego, CA 92103<br>USA | |
| DLAW.00 | Law Offices of J. Kirk Donnelly, APC | 7668 El Camino Real<br>Suite 104-760<br>Carlsbad, CA 92009<br>USA | |
| DLXC.00 | S4 Software, Inc. | Post Office Box 178607<br>San Diego, CA 92177<br>USA | |
| B.00 | Julianne Bray | 464-17 Manitou Drive<br>Indian Wells, CA 92210<br>USA | |
| DONJ.00 | John K. and Adriana B. Donnelly | 3343 Casca Way<br>Carlsbad, CA 92009<br>USA | 760-634-5701 |
| DPLC.00 | Dixie Pacific Land & Cattle Company, Inc. | 2323 San Juan Road<br>San Diego, CA 92103<br>USA | |
| DROB.00 | Brent W. Drown | 600 Front Street<br>Apartment No. 234<br>San Diego, CA 92101<br>USA | |
| DUNJ.00 | Joseph R. and Kari Dunn | 13046 Portofino Drive<br>Del Mar, CA 92014<br>USA | |
| DUNP.00 | Paul J. and Sarah A. Dunford | 425 South Rios Avenue<br>Solana Beach, CA 92075<br>USA | |
| EDGJ.00 | John C. and Pamela H. Edgerton | 11959 Caminito Corriente<br>San Diego, CA 92128<br>USA | |
| EFLP.00 | EF Composite Technologies, LP | 2080 Las Palmas Drive<br>Suite 102<br>Carlsbad, CA 92011<br>USA | |
| EFOR.00 | EFGP, Inc. | 2080 Las Palmas Drive<br>Suite 102<br>Carlsbad, CA 92011<br>USA | 858-547-5905 |
| EGGD.00 | Egg Distribution LLC | 4719 Santa Cruz Avenue<br>San Diego, CA 92107<br>USA | |
| .00 | Elbaroda Properties No. 1, LLC | 500 West 6th Street<br>Suite 401<br>Austin, TX 78701<br>USA | 512-322-9345 |

Sep 05, 2014          4:29:01 PM
Corson Gonzales & Zaslow LLP                                    Page: 5
## Client Address Listing
### Partner - Client Code

| Client Number | Client Name | Address | Fax Number |
|---|---|---|---|
| .00 | Elbaroda Properties No. 2, LLC | 500 West 6th Street<br>Suite 401<br>Austin, TX 78701<br>USA | 512-322-9345 |
| ERID.00 | David A. and Jeanne D. Erickson | 4952 Sterling Grove Lane<br>San Diego, CA 92130<br>USA | |
| ERIJ.00 | James E. Erickson | Flat 22E Tsui Lan Mansion, 5 Westlands Road<br>Apartment No. 22E<br>Taikoo Shing, Hong Kong<br>China | |
| FAHM.00 | Mark K. Fahrer | 6885 San Miguel Avenue<br>Lemon Grove, CA 91945<br>USA | 619-795-2682 |
| FARM.00 | Legacy Farms Operating Co., LLC | 6960 The Preserve Way<br>San Diego, CA 92130<br>USA | |
| FDCI.00 | Fortis Development Company | 8750 Holloway Drive<br>West Hollywood, CA 90069<br>USA | |
| FEID.00 | Douglas L. and Deborah L. Feist | 1720 Blackbird Circle<br>Carlsbad, CA 92011 | 760-804-0617 |
| FITJ.00 | James Fitzgerald (Epic Cycle) | USA | |
| FLAR.00 | Richard L. II and Christine A. Flanagan | 539 Catalina Drive<br>Newport Beach, CA 92663<br>USA | |
| FLAV.00 | Flavor Restaurant & Lounge LLC | Post Office Box 675913<br>Rancho Santa Fe, CA 92067<br>USA | |
| FOFI.00 | Fortis Films, Inc. | 8750 Holloway Drive<br>West Hollywood, CA 90069<br>USA | |
| FREK.00 | Krista Freitag | USA | |
| FROS.00 | Salvatore J. and Laura J. Frontiero | 3179 Linda Vista Drive<br>San Marcos, CA 92078-6303<br>USA | |
| GAME.00 | Game Empire Los Angeles, Inc. | 1632 Verdugo Boulevard<br>La Canada, CA 91011<br>USA | |
| GEGK.00 | The Margery Geiler Grandchildren's Trust | 2325 Longfellow Road<br>Carlsbad, CA 92008<br>USA | |
| GEIL.00 | Leland W. II and Anne L. M. Geiler | 6319 Di Vita Drive<br>Carlsbad, CA 92009<br>USA | |
| GEIM.00 | Michael B. Geiler | 6319 Di Vita Drive<br>Carlsbad, CA 92009<br>USA | |
| GEIS.00 | Sarah E. Geiler | 6319 Di Vita Drive<br>Carlsbad, CA 92009<br>USA | |
| GEIW.00 | William G. Geiler | 6319 Di Vita Drive<br>Carlsbad, CA 92009<br>USA | |
| GEMA.00 | Geiler LLC | 6319 Di Vita Drive<br>Carlsbad, CA 92009<br>USA | |
| GILD.00 | Darryl S. and Kristen L. Gillespie | 1850 Lake Morena Drive<br>Campo, CA 91906<br>USA | |
| GISM.00 | Mary D. Gist | 18655 West Bernardo Drive<br>Apartment No. 462<br>San Diego, CA 92127<br>USA | |
| GLAR.00 | Ronald C. Gladnick and Barbara Arvia | 6960 The Preserve Way<br>San Diego, CA 92130<br>USA | |

**Exhibit A - Page 18 of 33**

Sep 05, 2014            4:29:01 PM

Corson Gonzales & Zaslow LLP                                          Page: 6

# Client Address Listing

Partner - Client Code

| Client Number | Client Name | Address | Fax Number |
|---|---|---|---|
| R.00 | Margery G. Geiler | 7407 Via De Fortuna<br>Carlsbad, CA 92009<br>USA | |
| HAMW.00 | William Hammett | 4615 Pavlov Avenue<br>Apartment No. 17<br>San Diego, CA 92122<br>USA | 858-551-1601 |
| HANL.00 | Hannavas I, LLC | 500 West 6th Street<br>Suite 401-2nd Floor<br>Austin, TX 78701<br>USA | |
| HANP.00 | Hannavas, LP | 500 West 6th Street<br>Suite 401-2nd Floor<br>Austin, TX 78701<br>USA | |
| HARS.00 | Sandra Biddulph | 1830 Avenida Mimosa<br>Encinitas, CA 92024<br>USA | |
| HASL.00 | Lynn Hasney | 23232 Tasmania Circle<br>Dana Point, CA 92629<br>USA | |
| A.00 | Amanda E. Heidt | Post Office Box 3742<br>Rancho Santa Fe, CA 92067<br>USA | |
| HEIG.00 | Richard G. Heidt III | 17963 Camino De La Mitra<br>Post Office Box 8749<br>Rancho Santa Fe, CA 92067<br>USA | |
| HEIM.00 | Madeline Heidt | 17963 Camino De La Mitra<br>Post Office Box 8749<br>Rancho Santa Fe, CA 92067<br>USA | |
| HEIP.00 | Frances P. Dealey | 17963 Camino De La Mitra<br>Post Office Box 8749<br>Rancho Santa Fe, CA 92067<br>USA | |
| HEJL.00 | Lee E. and Heather M. Hejmanowski | 13472 El Presidio Trail<br>San Diego, CA 92130<br>USA | |
| HELI.00 | Heli Supply International, Inc. | 6960 The Preserve Way<br>San Diego, CA 92130<br>USA | |
| HENJ.00 | John A. Hernandez | 148 Shasta Street<br>Chula Vista, CA 91910<br>USA | |
| HEWD.00 | David C. and Katherine F. Hewitt | Post Office Box 1302<br>5445 Los Mirlitos<br>Rancho Santa Fe, CA 92067<br>USA | |
| HILV.00 | Vance A. Hildeman | Post Office Box 675681<br>Rancho Santa Fe, CA 92067-5681<br>USA | 858-345-1267 |
| HIPE.00 | Hiperfly, LLC | Post Office Box 675681<br>Rancho Santa Fe, CA 92067-5681<br>USA | |
| HOSJ.00 | Jesse S. and Michelle L. Hose | 2403 Sonora Court<br>Carlsbad, CA 92008<br>USA | |
| INTR.00 | Intratus, Inc. | 9834 Genesee Avenue<br>Suite 406<br>La Jolla, CA 92037<br>USA | |
| IWAL.00 | Lynn S. Iwaki | 13533 Tiverton Road<br>San Diego, CA 92130<br>USA | |
| M.00 | Mary A. Jay | 33 Medina Way<br>Rancho Mirage, CA 92270<br>USA | |
| JAYS.00 | Stephen M. and Sally L. Jay | 1814 South Pacific Street<br>Oceanside, CA 92054-5810<br>USA | |

Sep 05, 2014      4:29:01 PM

Corson Gonzales & Zaslow LLP

Page: 7

# Client Address Listing

### Partner - Client Code

| Client Number | Client Name | Address | Fax Number |
|---|---|---|---|
| .00 | John Boy 1, LLC | 500 West 6th Street<br>Suite 401<br>Austin, TX 78701<br>USA | |
| JBLP.00 | John Boy, LP | 500 West 6th Street<br>Suite 401<br>Austin, TX 78701<br>USA | |
| JETG.00 | Gary and Meeta Jethani | 330-A Spruce Mill Way<br>Ketchikan, AK 99901<br>USA | |
| JOHC.00 | Calvin W. Johnson and Donna O. Perdue | 4368 Charger Boulevard<br>San Diego, CA 92117-4241<br>USA | |
| JPRO.00 | JP Ronin, Inc. | 861 Balboa Avenue<br>Coronado, CA 92118<br>USA | |
| KEEA.00 | Keehn & Associates | 401 B Street<br>Suite 1470<br>San Diego, CA 92101<br>USA | |
| ELG.0 | Keehn Law Group, APC | San Diego, CA | |
| KINE.00 | Edward F. and Marie M. Kincade | 12650 Treehill Place<br>Poway, CA 92064<br>USA | |
| KOMT.00 | Trust Created U/W of Pauline S. Komaiko | 5075 San Aquario Drive<br>San Diego, CA 92109<br>USA | |
| LANR.00 | Rodney N. and Lois J. Lanthorne | 6516 Linda Lane<br>San Diego, CA 92120<br>USA | |
| .00 | Laohs I, LLC | 500 West 6th Street<br>Suite 401-2nd Floor<br>Austin, TX 78701<br>USA | |
| LAOP.00 | Laohs, LP | 500 West 6th Street<br>Suite 401-2nd Floor<br>Austin, TX 78701<br>USA | |
| LARJ.00 | James and Anne Sinclair Larson | 418 Pomona Avenue *Unable to Forward-12/31/13*<br>Coronado, CA 92118-1940<br>USA | |
| EED.00 | Dennis W. and Sandra L. Lee | Post Office Box 1137<br>Cardiff by the Sea, CA 92007<br>USA | 760-753-3215 |
| LEEI.00 | Ivar E. and Carolyn Taylor Leetma | 4526 Alhambra Street<br>San Diego, CA 92107<br>USA | |
| LLER.00 | Richard E. and Diane W. Llewellyn | 3432 Camino Alegre<br>Carlsbad, CA 92009-9512<br>USA | 760-943-1644 |
| LLOR.00 | Roger W. and Constance Z. Lloyd | 4816 Sunrise Hills Drive<br>El Cajon, CA 92020-8259<br>USA | |
| LRHG.00 | LRH Operating Group, Inc. | 23232 Tasmania Circle<br>Dana Point, CA 92629<br>USA | |
| LSAI.00 | Logan Spelich Associates Inc. | 5255 Greenwillow Lane<br>San Diego, CA 92130<br>USA | |
| LUES.00 | Scott Lueck | 656 Crest Drive<br>Encinitas, CA 92024<br>USA | |
| A.00 | Lux Art Institute | 1550 South El Camino Real<br>Encinitas, CA 92024-4906<br>USA | 760-436-1400 |
| LWEN.00 | LW Enterprises LLC | 316 California Avenue<br>Reno, NV 89509<br>USA | |

Sep 05, 2014          4:29:01 PM

Corson Gonzales & Zaslow LLP          Page: 8

## Client Address Listing
### Partner - Client Code

| Client Number | Client Name | Address | Fax Number |
|---|---|---|---|
| R.00 | Richard M. and Carol L. P. Mac Manus | 315 Dublin Drive<br>Cardiff, CA 92007<br>USA | 760-434-0556 |
| MAJM.00 | Joseph M. and Lisa D. Marcarelli | 4237 East Roma Avenue<br>Phoenix, AZ 821018<br>USA | |
| MANO.00 | Owen L. and Julie Manor | 8494 Warden Lane<br>San Diego, CA 92127<br>USA | 858-408-3631 |
| MARA.00 | Raymond R. Macaluso | 1157 San Pablo Drive<br>San Marcos, CA 92078<br>USA | |
| MARH.00 | Ashkan Marsh | 224 East 52nd Street<br>Apartment No. 11<br>New York, NY 10022-6229<br>USA | |
| MARS.00 | Sheila Marsh | 12 Santa Luzia Aisle<br>Irvine, CA 92606-8887<br>USA | |
| MASJ.00 | Judy A. Mascari | Post Office Box 964<br>Escondido, CA 92033<br>USA | |
| AZE.00 | Mazef Biosciences LLC | 4628 Rancho Reposo<br>Del Mar, CA 92014<br>USA | |
| MCCJ.00 | James E. and Barbara B. Mc Cormick | 1335 San Julian Lane<br>San Marcos, CA 92078<br>USA | |
| MCLD.00 | Duncan R. B. McLaren and Kathleen S. Bolus | 2046 Coolngreen Way<br>Encinitas, CA 92024<br>USA | |
| MCSI.00 | Markom Communication Services, Inc. | 6865 San Miguel Avenue<br>Lemon Grove, CA 91945<br>USA | 619-795-2682 |
| MEIM.00 | Martha C. Meiners | 3778 Paseo Vista Famosa<br>Rancho Santa Fe, CA 92091-4115<br>USA | |
| MENJ.00 | Josh Mendes | 208 West J Street<br>Encinitas, CA 92024<br>USA | |
| MHIL.00 | Manor House Investments LLC | c/o Owen Manor<br>8494 Warden Lane<br>San Diego, CA 92127<br>USA | |
| ICS.00 | Shawn T. and Elena Michels | 7418 Carlina Street<br>Carlsbad, CA 92009<br>USA | |
| MIND.00 | Daniel C. and Vicki L. Minteer | Post Office Box 675568<br>Rancho Santa Fe, CA 92067<br>USA | |
| MOHR.00 | Harper E. Moore | 1466 Turquoise Drive<br>Carlsbad, CA 92009<br>USA | |
| MOLD.00 | Delaram Pour Molkara | 10302 Scripps Poway Parkway<br>Apartment No. 10<br>San Diego, CA 92131<br>USA | |
| MOOD.00 | David W. and Karen T. Moore | 1466 Turquoise Street<br>Carlsbad, CA 92009<br>USA | |
| MOOH.00 | Hanna W. Moore | 1466 Turquoise Drive<br>Carlsbad, CA 92009<br>USA | |
| MOOK.00 | Kirsten C. Moore | 1466 Turquoise Drive<br>Carlsbad, CA 92009<br>USA | |
| L.00 | Morsels 1, LLC | 500 West 6th Street<br>Suite 401<br>Austin, TX 78701<br>USA | 512-322-9345 |

Sep 05, 2014            4:29:01 PM

Corson Gonzales & Zaslow LLP

Page: 9

## Client Address Listing
### Partner - Client Code

| Client Number | Client Name | Address | Fax Number |
|---|---|---|---|
| M.00 | Michael W. and Gail L. Morehead | 13225 Avenida La Valencia<br>Poway, CA 92064<br>USA | |
| MORP.00 | Morsels, LP | 500 West 6th Street<br>Suite 401<br>Austin, TX 78701<br>USA | 512-322-9345 |
| MOTF.00 | Faye F. Motamedi | 6174 Soledad Mountain Road<br>** NO LONGER AT THIS ADDRESS - 11/07/12 **<br>** NO FORWARDING ADDRESS PROVIDED **<br>La Jolla, CA 92037<br>USA | |
| MUEU.00 | Ulrich Mueller and Anastasia Kralli | 561 North Rios Avenue<br>Solana Beach, CA 92075<br>USA | 858-784-7299 |
| NABM.00 | Michael D. and Lorinda R. Nabors | 11667 Chippenham Way<br>San Diego, CA 92128<br>USA | |
| NCHB.00 | NCHB, LLC | 2403 Sonora Court<br>Carlsbad, CA 92010<br>USA | |
| NA.00 | 400 Nueces, LP | 500 West 6th Street<br>Suite 401<br>Austin, TX 78701<br>USA | 512-322-9345 |
| NSGS.00 | North Shore Girls Softball League | 3830 Valley Centre Drive<br>Apartment No. 705-201<br>San Diego, CA 92130<br>USA | |
| OPPI.00 | Ira G. Opper and Gerri A. Retman | 225 South Granados Avenue<br>Solana Beach, CA 92075<br>USA | |
| OPPR.00 | Opper Sports, Inc. | 225 South Granados Avenue<br>Solana Beach, CA 92075<br>USA | |
| OTRI.00 | On The Rebound, Inc. | 629 South Coast Highway 101<br>Encinitas, CA 92024<br>USA | |
| OWLL.00 | Owlsong I, LLC | 500 West 6th Street<br>Suite 401<br>Austin, TX 78701<br>USA | |
| OWLP.00 | Owlsong, LP | 500 West 6th Street<br>Suite 401<br>Austin, TX 78701<br>USA | |
| PALA.00 | Allison B. Palisoul | 2653 Ocean Street<br>Carlsbad, CA 92008<br>USA | |
| PALC.00 | The Palisoul Company, Inc. | 2653 Ocean Street<br>Carlsbad, CA 92008<br>USA | 760-434-8622 |
| PALM.00 | The Palms at North Vulcan LLC | Post Office Box 232344<br>Leucadia, CA 92023-2344<br>USA | |
| PALP.00 | Philip R. and Pamela F. Palisoul | 2653 Ocean Street<br>Carlsbad, CA 92008-2238<br>USA | 949-224-4101 |
| PAMG.00 | Mary G. Palisoul | 140 Kilsyth Road<br>Apartment No. 1<br>Brighton, MA 02135<br>USA | |
| PEAK.00 | Peak Aviation, LLC | 6980 The Preserve Way<br>San Diego, CA 92130<br>USA | |
| A.00 | Jose R. and Ma Ana Peraza | 20465 Highway 94<br>Dulzura, CA 91917<br>USA | |
| PERL.00 | Lori A. Perfetto | 2265 Manchester Avenue<br>Cardiff, CA 92007<br>USA | |

Sep 05, 2014          4:29:01 PM

Corson Gonzales & Zaslow LLP                                    Page: 10

## Client Address Listing

### Partner - Client Code

| Client Number | Client Name | Address | Fax Number |
|---|---|---|---|
| J.00 | James A. and Michelle M. Pettit | 861 Balboa Avenue<br>Coronado, CA 92118<br>USA | 619-437-8504 |
| PETS.00 | Scott N. Pettit | , CA<br>USA | |
| POER.00 | Robert L. and Judith A. Poen | 584 Sunnyglen Way<br>Sunny Valley, OR 97497<br>USA | |
| PRIM.00 | Prim Analytics LLC | 5694 Mission Center Road<br>Suite 602-455<br>San Diego, CA 92108-4324<br>USA | |
| PSYM.00 | Maria E. Psyhogios | 3575 Caminito El Rincon<br>Apartment No. 215<br>San Diego, CA 92130<br>USA | |
| RAMR.0 | Ramchand, Robert | London,<br>England | |
| RANJ.00 | Jose Antonio Rangel and Irma Espinoza Padilla | 591 Telegraph Canyon Road<br>Post Mail Box 502<br>Chula Vista, CA 91910<br>USA | |
| RCGH.00 | RCG Holdings, LLC | 6960 The Preserve Way<br>San Diego, CA 92130<br>USA | |
| REEA.00 | Alvis L. and Revena I. Reed | Post Office Box 713<br>Solana Beach, CA 92075<br>USA | |
| RGPM.00 | R&G Precision Machining, Inc. | 2585 Jason Court<br>Oceanside, CA 92056<br>USA | |
| .00 | Filipa B. Rios | 32460 Shadow Canyon Trail<br>Wildomar, CA 92595<br>USA | |
| ROBA.00 | Andrew W. and Diane S. Robertson | 2535 Ellentown Road<br>La Jolla, CA 92037-1120<br>USA | |
| ROBC.00 | Charles F. and Jeannie E. Robbins | 935 Milmada Drive<br>La Canada, CA 91011<br>USA | |
| ROBL.00 | Laurel B. Roberts | 1549 Lower Lake Court<br>Cardiff by the Sea, CA 92007<br>USA | |
| ROLE.00 | Estate of Linda J. Roth | c/o Joshua Roth, Co-Executor/Trustee<br>1250 Villa Woods Drive<br>Pacific Palisades, CA 90272<br>USA | |
| RONR.00 | Rochelle Rondon | Post Office Box 2162<br>Del Mar, CA 92014<br>USA | |
| ROSB.00 | Barry J. and Marlene L. Ross | 343 Punta Baja Drive<br>Solana Beach, CA 92075<br>USA | |
| ROSS.00 | Stephen J. and Ann Marie Ross | 20902 North River Run Lane<br>Colbert, WA 99005<br>USA | |
| ROTL.00 | Linda J. Roth | 139 27th Street<br>Del Mar, CA 92014<br>USA | |
| RTRT.00 | Room to Room Two LLC | 905 Iron Horse Court<br>San Marcos, CA 92078<br>USA | |
| RVRH.00 | 2705 River Hills, LP | 500 West 6th Street<br>Suite 401<br>Austin, TX 78701<br>USA | 512-322-9345 |
| RYAS.00 | Sandra Ryan | 8555 Station Village Lane<br>Suite 334<br>San Diego, CA 92108<br>USA | |

Sep 05, 2014         4:29:01 PM

Corson Gonzales & Zaslow LLP

## Client Address Listing
### Partner - Client Code

Page: 11

| Client Number | Client Name | Address | Fax Number |
|---|---|---|---|
| ).00 | Donald M. Sadiarin | 7865 Via Belfiore<br>Apartment No. 3<br>San Diego, CA 92129<br>USA | |
| SAGA.00 | Ashish Sagar | 13143 Kellam Court *Unable to Forward*<br>Apartment No. 47<br>San Diego, CA 91230<br>USA | |
| SAII.00 | SAI Investments LLC | 330-A Spruce Mill Way<br>Ketchikan, AK 99901<br>USA | |
| SCLD.00 | Lindsey R. Dealey | 17963 Camino De La Mitra<br>Post Office Box 8749<br>Rancho Santa Fe, CA 92067<br>USA | |
| SCPI.00 | Scarecrow Productions, Inc. | 8750 Holloway Drive<br>West Hollywood, CA 90069<br>USA | |
| SDBF.00 | San Diego Bankruptcy Forum | 380 Stevens Avenue<br>Suite 210<br>Solana Beach, CA 92075<br>USA | |
| SEEC.00 | Clark Seegmiller | 10655 Park Run Drive<br>Suite 250<br>Las Vegas, NV 89144<br>USA | |
| SEEM.00 | Margie C. Seegmiller | 1422 Baypointe Drive<br>Newport Beach, CA 92660<br>USA | |
| SEEP.00 | Seegmiller Partners, LLC | 10801 West Charleston Boulevard<br>Suite 560<br>Las Vegas, NV 89135-1207<br>USA | |
| R.00 | Rebecca Seegmiller | 56 Turn Leaf<br>Irvine, CA 92603<br>USA | |
| SEES.00 | Scott Seegmiller | 5042 Wilshire Boulevard<br>Unit No. 22176<br>Los Angeles, CA 90036<br>USA | |
| SEEW.00 | William W. and Margie C. Seegmiller | 4695 MacArthur Court<br>Suite 200<br>Newport Beach, CA 92660<br>USA | 949-225-3933 |
| SEIS.00 | SEI Structural Engineers, Inc. | 1830 Avenida Mimosa<br>Encinitas, CA 92024<br>USA | |
| SEJO.00 | Seegmiller Johnson, A Professional Corp. | 4695 MacArthur Court<br>Suite 200<br>Newport Beach, CA 92660<br>USA | |
| SELF.0 | The Seegmiller Law Firm APC | USA | |
| SELS.00 | Shyam Selvarajan and Satri Phommasy | 5694 Mission Center<br>Suite 602-455<br>San Diego, CA 92108<br>USA | |
| SELV.00 | Selvarajan Group, Inc. | 5694 Mission Center<br>Suite 602455<br>San Diego, CA 92108<br>USA | |
| SHED.00 | Dana Shertz, Inc. | 15843 Caminito Cantaras<br>Del Mar, CA 92017<br>USA | |
| SHER.00 | Dana Shertz and Michelle A. Gerevas | 15843 Caminito Cantaras<br>Del Mar, CA 92014<br>USA | |
| SIUA.00 | Aaron J. Kam Siu and Karen J. Nordin | 4467 Caminito Cuarzo<br>San Diego, CA 92117-3618<br>USA | |

**Exhibit A - Page 24 of 33**

Sep 05, 2014          4:29:01 PM

Corson Gonzales & Zaslow LLP

Page: 12

## Client Address Listing

Partner - Client Code

| Client Number | Client Name | Address | Fax Number |
|---|---|---|---|
| .00 | Jameson P. and Nicole M. Slattery | 5052 Ciardi Court<br>Carlsbad, CA 92008<br>USA | |
| SLOW.00 | William V. and Patricia Slocum | 2214 Vista La Nisa<br>Carlsbad, CA 92009<br>USA | |
| SOLI.00 | Solterra Lighting, Inc. | 5375 Avenida Encinas<br>Suite A<br>Carlsbad, CA 92008<br>USA | |
| SOMN.00 | Norm and Saundra Somach | 7171 Rock Valley Court<br>San Diego, CA 92122<br>USA | |
| SOMR.00 | Robert B. and Patsy R. Sommer | 137 Desert Lakes Drive<br>Palm Springs, CA 92264<br>USA | |
| SPEJ.00 | John W. Spelich and Lacey Logan | 5255 Greenwillow Lane<br>San Diego, CA 92130-2892<br>USA | 011-852-2215-5 |
| SROW.00 | Second Row Productions, Inc. | 10217 Avenida Magnifica<br>San Diego, CA 92131<br>USA | |
| SSLC.00 | 307 Silver Strike LLC | c/o Linda B. Dieckmann<br>363 Prospect Street<br>La Jolla, CA 92037<br>USA | |
| STII.00 | Seawind International, Inc. | 5375 Avenida Encinas<br>Suite A<br>Carlsbad, CA 92008<br>USA | 760-438-5677 |
| STLC.00 | Stratford Arms, LLC | 500 West 6th Street<br>Suite 401<br>Austin, TX 78701<br>USA | 512-322-9345 |
| STLP.00 | Stratford Arms, LP | 500 West 6th Street<br>Suite 401<br>Austin, TX 78701<br>USA | 512-322-9345 |
| STRD.00 | Deborah J. Stranton and D. R. Belden | 2050 Mackinnon Avenue<br>Cardiff by the Sea, CA 92007<br>USA | |
| STRJ.00 | Strada Family Trust | La Jolla, CA 92037<br>USA | |
| STUW.00 | William N. Stuckey | 227 Pile Street<br>Ramona, CA 92065<br>USA | |
| SUNN.00 | Miss Sun, LLC | 380 Stevens Avenue<br>Suite 210<br>Solana Beach, CA 92075<br>USA | |
| TARP.00 | T & R Professionals | 1430 Bridgeway Street<br>Apartment No. 10<br>Anchorage, AK 99501<br>USA | |
| TAYB.00 | Bypass Trust B of Taylors Rev Decla Tr Dtd 5/1 | 1430 Bridgeway Street<br>Unit No. 10<br>Anchorage, AK 99501<br>USA | |
| TAYE.00 | Estate of Michael Taylor | Maureen Taylor, Trustee<br>1430 Bridgeway Street<br>Apartment No. 10<br>Anchorage, AK 99501<br>USA | |
| TAYM.00 | Maureen T. Taylor | 1430 Bridgeway Street<br>Apartment No. 10<br>Anchorage, AK 99501<br>USA | |
| TAYT.00 | Thelma L. Taylor | 20465 Highway 94<br>Dulzura, CA 91917-1611<br>USA | |

Sep 05, 2014          4:29:01 PM          Corson Gonzales & Zaslow LLP          Page: 13

# Client Address Listing
### Partner - Client Code

| Client Number | Client Name | Address | Fax Number |
|---|---|---|---|
| ).00 | John and Eugenia E. Theodorakis | 3544 Caminito El Rincon<br>Unit No. 48<br>San Diego, CA 92130-2318<br>USA | |
| THOR.00 | Richard Thoma | 831 Starflower Road<br>Encinitas, CA 92024<br>USA | |
| THOS.00 | Richard and Sandra L. Thoma | 831 Starflower Road<br>Encinitas, CA 92024<br>USA | |
| TJDT.00 | Trevor J. Dieckmann 2011 Trust | Trevor J. Dieckmann, Trustee<br>802 West Wolfram<br>Unit No. 3N<br>Chicago, IL 60657<br>USA | |
| TMPR.00 | TMP Restaurant Group LLC | 922 Marisa Lane<br>Encinitas, CA 92024<br>USA | |
| TMRG.00 | T & M Restaurant Group, Inc. | 11940 Bernardo Plaza Drive<br>San Diego, CA 92128<br>USA | |
| MTA.00 | T & M Taylor LLC | 1430 Brdigeway Street<br>Apartment No. 10<br>Anchorage, AK 99501<br>USA | |
| TORA.00 | Ann R. Torrey | 1970 Silverleaf Circle<br>Apartment No. G111<br>Carlsbad, CA 92009<br>USA | |
| TRAM.00 | Michael H. and Cynthia Tracy | 2920 Rancho Brasado<br>Carlsbad, CA 92009<br>USA | |
| P.00 | Peggy E. Tracy | 2920 Rancho Brasado<br>Carlsbad, CA 92009-3030<br>USA | |
| TRMS.00 | Matthew S. Treger | 10601 Tierrasanta Boulevard<br>Suite 402<br>San Diego, CA 92124<br>USA | (858) 715-1616 |
| TSPI.00 | Two Slice Productions, Inc. | 8750 Holloway Drive<br>West Hollywood, CA 90069<br>USA | |
| TUEP.00 | TDD Enterprises | 365 Pacific Avenue<br>Solana Beach, CA 92075<br>USA | |
| VICI.00 | Visitor Information Center, Inc. | 5171 San Aquario Drive<br>San Diego, CA 92109<br>USA | |
| VILP.00 | Village Lindo Paseo, LP | 3525 Del Mar Heights Road<br>Apartment No. 751<br>San Diego, CA 92130<br>USA | |
| VLPA.00 | VLP, LLC | 3525 Del Mar Heights Road<br>Apartment No. 751<br>San Diego, CA 92130<br>USA | |
| WAGK.00 | Lori A. Wagner | 1000 Lands End<br>Carlsbad, CA 92011<br>USA | 760-735-2489 |
| WALD.00 | Dale Walker | 3567 Corte Rosado<br>Carlsbad, CA 92009<br>USA | |
| WALH.00 | Herbert F. Walters | 1045 Santa Helena Court<br>Solana Beach, CA 92075<br>USA | |
| H.00 | Waggie Wash, Inc. | Post Office Box 1211<br>Carlsbad, CA 92018-1211<br>USA | |
| WCLL.00 | White Cap Labs LLC | 327 J Avenue<br>Coronado, CA 92118<br>USA | |

Sep 05, 2014          4:29:01 PM          Corson Gonzales & Zaslow LLP          Page: 14

# Client Address Listing

### Partner - Client Code

| Client Number | Client Name | Address | Fax Number |
|---|---|---|---|
| J.00 | John M. and Elizabeth Weems | 1704 Fort Stockton Drive<br>San Diego, CA 92103<br>USA | |
| WELT.00 | Welchlin Family Trust | 14744 Fairtree Terrace<br>Poway, CA 92064<br>USA | |
| WEST.00 | California Attorneys Group, Inc. | 1920 Main Street<br>Suite 840<br>Irvine, CA 92614<br>USA | |
| WFTB.00 | Wagner Family Trust Dated 11/9/2001 "B" | c/o Lori A. Wagner Trustee<br>1000 Lands End Court<br>Carlsbad, CA 92011<br>USA | |
| WHIB.00 | Bryce A. and Erin D. Whiting | 157 Cerro Street<br>Encinitas, CA 92024<br>USA | |
| WILD.00 | Dean R. and Deborah S. Wilson | Post Office Box 81676<br>San Diego, CA 92138<br>USA | 619-291-9432 |
| WILG.00 | Gerald C. and Adelheid H. Williams | 7217 Daffodil Place<br>Carlsbad, CA 92009-4812<br>USA | |
| WILL.00 | Larry Williams and Louise Stapleton | Post Office Box 24150 GBS<br>Christiansted, VI 00824<br>USA | |
| WMCC.00 | W. Michael Corson & Co. APC (Not billable) | 380 Stevens Avenue<br>Suite 210<br>Solana Beach, CA 92075<br>USA | 858-792-3740 |
| WOOV.00 | Virginia L. Wood | Post Office Box 848<br>Eastbound, WA 98245<br>USA | 360-376-5554 |
| M.00 | Sean M. and Jessica M. Corson | 1715 Freda Lane<br>Cardiff by the Sea, CA 92007 | |
| WSKY.00 | Western Sky Marketing, LLC | 1704 Fort Stockton Drive<br>San Diego, CA 92103<br>USA | |
| XARA.00 | Xara Learning Village Incorporated | Post Office Box 600616<br>* No longer at this address 01/14/13 *<br>San Diego, CA 92160<br>USA | |
| IJS.00 | John S. and Esther C. Yi | 5731 Cape Jewels Trail<br>San Diego, CA 92130<br>USA | |
| ZETA.00 | Andrew J. Zetts | 2010A Mackinnon Avenue<br>Cardiff, CA 92007-1714<br>USA | |

Sep 05, 2014          4:31:48 PM

Corson Gonzales & Zaslow LLP

Page: 1 /5

## Client Address Listing
### Secondary Partner - Client Code

| Client Number | Client Name | Address | Fax Number |
|---|---|---|---|
| | **ondary Partner: Corson, W. Michael (0001)** | | |
| AJWF.00 | Arjun and Judith Waney Foundation | 46 Lowndes Square<br>Flat No. 16<br>London, UK SW-1<br>England | |
| BERB.00 | Barry and Jacqueline Bernstein | 6482 Edmonton Avenue<br>San Diego, CA 92122<br>USA | |
| BERD.00 | Daniel Berman and Lisa Davis-Berman | 31243 N. 42nd Place<br>Cave Creek, AZ 85331<br>USA | |
| BOUF.00 | Bouffe, LP | 12523 Avenida Tineo<br>San Diego, CA 92128-3139<br>USA | 858-673-5471 |
| CANT.00 | Cantine, LLC | 12523 Avenida Tineo<br>San Diego, CA 92128-3139<br>USA | 858-673-5471 |
| CARD.00 | Dennis A. and Sandra C. Carson | 9672 Claiborne Square<br>La Jolla, CA 92037-1152<br>USA | same as home |
| RVF.00 | Crime Victims Fund | 1122 Broadway<br>Suite 200<br>San Diego, CA 92101<br>USA | |
| DORF.00 | Roberta F. Dosick | c/o Wayne Dosick<br>3207 Cadencia Street<br>La Costa, CA 92009<br>USA | 760-943-7936 |
| DOSR.00 | Rona G. Dosick | 3498 Voyager Circle<br>San Diego, CA 92130<br>USA | |
| W.00 | Wayne D. and Ellen L. Kaufman Dosick | 3207 Cadencia Street<br>La Costa, CA 92009<br>USA | |
| FRAA.00 | Alejandra Frank | 210 Ashbury<br>San Francisco, CA 94117<br>USA | |
| FRAS.00 | Stewart L. Frank, MD | 4060 Fourth Avenue<br>Suite 605<br>San Diego, CA 92103-2121<br>USA | 619-296-7618 |
| GOLN.00 | Norman and Connie Goldbach | Castiglion Cello Del Trinoro<br>Sarteano,  53047<br>ITALY | |
| HALP.00 | Patrick A. Halcewicz | 2567 Greyling Drive<br>San Diego, CA 92123<br>USA | 858-673-5471 |
| HUHO.00 | Hunterco Holdings Ltd. | 240 Varsity Estates Terrace NW<br>Calgary, AB T3B 5J4<br>Canada | |
| MCKA.00 | Anthony C. and Eileen G. McKoy | 4307 Rous Street<br>San Diego, CA 92122-2630<br>USA | |
| NWTT.00 | Nita Waney Trust | c/o Naveen Waney<br>4940 Della Place<br>San Diego, CA 92117<br>USA | |
| PATW.00 | Patwan, Inc. dba French Market Grille | 2567 Greyling Drive<br>San Diego, CA 92123<br>USA | |
| PFCS.00 | Palomar Family Counseling Service, Inc. | 1002 East Grand Avenue<br>Escondido, CA 92025<br>USA | |
| PHIL.00 | Phillipas & Son, Inc. | 1451 Sunrise Drive<br>Vista, CA 92084<br>USA | |
| PHIS.00 | Steven M. and Pamela J. Phillips | 1451 Sunrise Drive<br>Vista, CA 92084<br>USA | |

**Exhibit A - Page 28 of 33**

Sep 05, 2014          4:31:48 PM          Corson Gonzales & Zaslow LLP                              Page: 2

# Client Address Listing
### Secondary Partner - Client Code

| Client Number | Client Name | Address | Fax Number |
|---|---|---|---|
| 1.00 | Restau, LLC | c/o Patrick Halcewicz<br>2567 Greyling Drive<br>San Diego, CA 92123<br>USA | |
| SAAL.00 | Alon Sachar | 5876 Ciudad Leon Court<br>San Diego, CA 92120<br>USA | |
| SACA.00 | Avram and Dina Sachar | 5876 Ciudad Leon Court<br>San Diego, CA 92120-3965<br>USA | 858-748-2344 |
| SACI.00 | Sactel Investment, LLC | 5876 Ciudad Leon Court<br>San Diego, CA 92120<br>USA | |
| SACO.00 | Oren and Shiran R. Sachar | 1280 Terracina Lane<br>San Diego, CA 92103<br>USA | |
| SACT.00 | Tomer and Jennifer Sachar | 5876 Ciudad Leon Court<br>San Diego, CA 92120<br>USA | |
| SLFI.00 | Stewart L. Frank, MD, Inc. | 4060 Fourth Avenue<br>Suite 605<br>San Diego, CA 92103<br>USA | 619-296-7618 |
| TAUR.00 | Robert W. Tauber | 7450 Olivetas Avenue<br>Apartment No. 386<br>La Jolla, CA 92037<br>USA | |
| WANA.00 | Arjun C. and Judith D. Waney | 46 Lowndes Square<br>Flat 16<br>London,  SW-1<br>ENGLAND | |
| WANI.00 | Nita Waney | 4920 Della Place<br>San Diego, CA 92117<br>USA | |
| WANN.00 | Naveen H. and Michelle E. Waney | 4940 Della Place<br>San Diego, CA 92117<br>USA | 619-546-4350 |
| WANT.00 | Nita Waney Trust | 4920 Della Place<br>San Diego, CA 92117<br>USA | |
| ZORS.00 | Sherri L. Zorn | 13024 Caminito del Rocio<br>Del Mar, CA 92014<br>USA | |

## EXHIBIT B

Exhibit B to the Asset Purchase Agreement between Anton & Chia LLP and W. Michael Corson & Co. APC dated August 31, 2014 consists of the two page "2013 Federal Summary Depreciation Schedule" attached.

a&c_poa-exhibit.docx

| 12/31/13 | 2013 FEDERAL SUMMARY DEPRECIATION SCHEDULE | PAGE 2 |
|---|---|---|

| CLIENT WMCC | W. MICHAEL CORSON & CO. APC | 34-2037365 |
|---|---|---|

9/05/14                                                                                                                                05:04PM

| NO. | DESCRIPTION | DATE ACQUIRED | DATE SOLD | COST/ BASIS | BUS. PCT. | CUR 179/ SDA | PRIOR 179/ SDA/ DEPR. | METHOD | LIFE | CURRENT DEPR |
|---|---|---|---|---|---|---|---|---|---|---|
| 78 | RECEP. CREDENZA | 5/11/10 | | 880 | | | 496 | 200DB HY | 7 | 110 |
| 79 | WOODEN LATERALS (2) | 5/11/10 | | 848 | | | 477 | 200DB HY | 7 | 106 |
| 84 | ART - LA PALOMA | 2/13/10 | | 381 | | | 214 | 200DB HY | 7 | 48 |
| 85 | OFFICE FURNITURE | 12/21/10 | | 1,104 | | | 621 | 200DB HY | 7 | 138 |
| 87 | PLANTS - ORIGINAL PURCH. | 1/13/11 | | 222 | | | 86 | 200DB HY | 7 | 39 |
| 88 | WORKSTATION CHAIRS (6) | 6/15/11 | | 6,276 | | | 2,434 | 200DB HY | 7 | 1,098 |
| 96 | DESK AND CREDENZA | 2/18/12 | | 3,493 | | | 3,493 | 200DB HY | 7 | 0 |
| | | | | | | | | | | |
| | TOTAL 1511 - OFFICE FURNITURE | | | 69,286 | | 0 | 58,378 | | | 1,995 |
| | 1512 - COMPUTER HARDWARE AND OF | | | | | | | | | |
| | | | | | | | | | | |
| 18 | HP LAN CARDS (5) | 1/18/97 | | 950 | | | 950 | 200DB HY | 5 | 0 |
| 19 | HOOVER VACUUM | 4/02/00 | | 330 | | | 330 | 200DB HY | 7 | 0 |
| 20 | HP XW4100 | 5/24/04 | | 1,265 | | | 1,265 | 200DB HY | 5 | 0 |
| 25 | HP SERVER | 2/10/05 | 12/30/13 | 3,145 | | | 3,145 | 200DB HY | 5 | 0 |
| 26 | SONY 19" FLATPANEL | 2/10/05 | 9/15/13 | 650 | | | 650 | 200DB HY | 5 | 0 |
| 27 | NETGEAR SWITCH | 2/10/05 | 12/30/13 | 464 | | | 464 | 200DB HY | 5 | 0 |
| 28 | MEMORY STRIPS (2 SETS) | 2/10/05 | | 200 | | | 200 | 200DB HY | 5 | 0 |
| 29 | SONY 17" FLATPANEL | 3/02/05 | 9/15/13 | 228 | | | 228 | 200DB HY | 5 | 0 |
| 30 | PRINT, MON., ROUT. (LO) | 12/09/05 | | 1,059 | | | 1,059 | 200DB HY | 5 | 0 |
| 31 | CABLE MODEM | 12/12/05 | | 291 | | | 291 | 200DB HY | 5 | 0 |
| 37 | HP PAVILLION LAPTOP | 8/10/06 | | 1,516 | | | 1,516 | 200DB HY | 5 | 0 |
| 41 | WIRELESS ROUTER (LO) | 6/12/07 | | 235 | | | 235 | 200DB HY | 5 | 0 |
| 42 | MACBOOK (LO) | 6/12/07 | | 2,512 | | | 2,512 | 200DB HY | 5 | 0 |
| 43 | HP MINI-TOWER (2) | 2/09/07 | | 2,380 | | | 2,380 | 200DB HY | 5 | 0 |
| 44 | HP 17" LAPTOP | 11/09/07 | | 1,454 | | | 1,454 | 200DB HY | 5 | 0 |
| 48 | HP COMPAQ DESKTOP | 6/10/08 | | 665 | | | 628 | 200DB HY | 5 | 37 |
| 49 | HP P4015X PRINTER | 6/10/08 | | 1,808 | | | 1,704 | 200DB HY | 5 | 104 |
| 50 | HP TABLET LAPTOP | 6/11/08 | | 2,103 | | | 1,982 | 200DB HY | 5 | 121 |
| 53 | MEMORY 512MB | 4/11/09 | | 245 | | | 245 | 200DB MQ | 5 | 0 |
| 61 | AVAYA PHONE SYSTEM | 11/01/09 | | 7,134 | | | 7,134 | 200DB MQ | 5 | 0 |
| 64 | HP MINI-TOWER (LO) | 11/11/09 | | 711 | | | 711 | 200DB MQ | 5 | 0 |
| 83 | HP PRO W/STA, LA1905 MON. | 5/09/10 | | 1,349 | | | 961 | 200DB HY | 5 | 155 |
| 90 | HP LAPTOP AND DOCK | 6/05/12 | | 1,939 | | | 1,939 | 200DB HY | 5 | 0 |
| 91 | IPAD AND COVER | 6/11/12 | | 1,018 | | | 1,018 | 200DB HY | 5 | 0 |
| 92 | CABLE MODEM | 4/20/12 | | 172 | | | 172 | 200DB HY | 5 | 0 |
| 95 | SERVER | 5/18/12 | 12/30/13 | 4,563 | | | 4,563 | 200DB HY | 5 | 0 |
| 97 | HP WORKSTATION | 1/27/12 | | 2,586 | | | 2,586 | 200DB HY | 5 | 0 |
| | | | | | | | | | | |
| | TOTAL 1512 - COMPUTER HARDW | | | 40,972 | | 0 | 40,322 | | | 417 |

**12/31/13    2013 FEDERAL SUMMARY DEPRECIATION SCHEDULE    PAGE 3**

| CLIENT WMCC | W. MICHAEL CORSON & CO. APC | 34-2037365 |
|---|---|---|

9/05/14                                                                                                    05:04PM

| NO. | DESCRIPTION | DATE ACQUIRED | DATE SOLD | COST/ BASIS | BUS. PCT. | CUR 179/ SDA | PRIOR 179/ SDA/ DEPR. | METHOD | LIFE | CURRENT DEPR. |
|---|---|---|---|---|---|---|---|---|---|---|
| | **1513 - COMPUTER SOFTWARE** | | | | | | | | | |
| 21 | WINDOWS XP UPDATES | 3/31/03 | | 1,973 | | | 1,973 | 200DB HY | 3 | 0 |
| 22 | SYMANTEC ANTIVIRUS | 4/09/04 | | 339 | | | 339 | 200DB HY | 3 | 0 |
| 32 | SYMANTEC ANTIVIRUS | 2/18/05 | | 233 | | | 233 | 200DB HY | 3 | 0 |
| 33 | TIMESLIPS 2005 | 5/18/05 | | 911 | | | 911 | 200DB HY | 3 | 0 |
| 38 | M/SOFT SERVER LIC. (5) | 9/11/06 | | 364 | | | 364 | 200DB HY | 3 | 0 |
| 40 | SYMANTEC INTERNET SECUR. | 2/28/06 | | 336 | | | 336 | 200DB HY | 3 | 0 |
| 45 | SYMANTEC UPGRADE | 2/09/07 | | 250 | | | 250 | 200DB HY | 3 | 0 |
| 46 | OFFICE 2007 | 8/10/07 | | 450 | | | 450 | 200DB HY | 3 | 0 |
| 51 | MICROSOFT OFFICE 2007 | 6/11/08 | | 475 | | | 475 | 200DB HY | 3 | 0 |
| 52 | PEACHTREE 2009 | 4/11/09 | | 431 | | | 431 | 200DB MQ | 3 | 0 |
| 54 | PEACHTREE 2009 NETWORK | 5/21/09 | | 457 | | | 457 | 200DB MQ | 3 | 0 |
| 65 | MICROSOFT OFFICE BASIC | 11/01/09 | | 255 | | | 255 | 200DB MQ | 3 | 0 |
| 66 | MICROSOFT ACCESS | 11/15/09 | | 505 | | | 505 | 200DB MQ | 3 | 0 |
| 73 | MICROSOFT OFFICE 2007 | 1/11/10 | | 468 | | | 433 | 200DB HY | 3 | 35 |
| 80 | SYMAN. ANTIVIRUS LICENSE | 4/11/10 | | 117 | | | 108 | 200DB HY | 3 | 9 |
| 81 | ADOBE PRO LICENSE | 6/11/10 | | 449 | | | 416 | 200DB HY | 3 | 33 |
| 82 | QUICKBOOKS 2010 | 9/11/10 | | 250 | | | 231 | 200DB HY | 3 | 19 |
| 89 | WINDOWS 7 UPGRADES | 6/15/11 | | 2,316 | | | 1,801 | 200DB HY | 3 | 343 |
| 93 | PRO FX INSTALLMENT | 6/22/12 | | 10,529 | | | 7,019 | 200DB HY | 3 | 2,340 |
| | TOTAL 1513 - COMPUTER SOFTW | | | 21,108 | | 0 | 16,987 | | | 2,779 |

Exhibit C   Loaned Equipment

(TO BE DETERMINED)

14

# EXHIBIT B

**Exhibit B - Page 1 of 3**

## Amendment to Asset Purchase Agreement

An Agreement was made by and between Anton & Chia, LLP., a California Limited Liability Partnership (the "Purchaser") and W. Michael Corson & Co. APC, a California Professional Corporation ("Corson" or "Seller") on the 31st day of August, 2014 (hereinafter referred to as "Original Asset Purchase Agreement") set forth below.

WHEREAS, the parties wish to modify and amend the terms of the Original Asset Purchase Agreement as set forth herein.

NOW THEREFORE, in consideration of the mutual promises herein, the parties, intending to be legally bound, hereby agree that the following constitutes an amendment to the terms and conditions of the stated contract (this "Amendment").

1. In accordance to Article 2.01 of the Original Asset Purchase Agreement the Purchase Price or the Estimated Purchase Price shall be amended to three hundred seventy two thousand dollars ($372,000). Accordingly, paragraph 2.01(ii) of the Original Asset Purchase Agreement is hereby deleted and replaced with the following:

> (ii)    Thereafter, payments shall be made to Seller without offset or other deduction as follows:
> (A)    On January 1, 2015    $115,000.00 (receipt acknowledged)
> (B)    On January 1, 2016    $81,000.00
> (C)    On January 1, 2017    $98,000.00
> (D)    On January 1, 2018    $78,000.00
>
> **Total Purchase Price:**    **$372,000.00**

Although some payments are being deferred, the Seller's entitlement to these payments is fully earned as of September 1, 2015.

2. In accordance to Article 2.03(b) of the Original Asset Purchase Agreement, Corson shall commit to provide on an as-needed basis a minimum of twenty four (24) hours of his professional and managerial services to and for the benefit of Purchaser and/or its clients on a weekly basis. Compensation for these services shall be one hundred dollars ($100) per chargeable hour and shall be charged to clients at three hundred dollars ($300) per hour rate. Payment of the $100 per chargeable hour is only for collected hours in cash net of any administrative fees and expenses. Notwithstanding the foregoing, Corson shall receive no less than four thousand dollars ($4,000) on a monthly basis beginning January 1, 2016, payable in arrears in two installments of $2,000 on the 1st and 16th day of each month. A "True Up" adjustment for any underpayment based on actual collected hours shall be made and, in the case of an underpayment, paid on the 16th of the month following the underpayment.

3. The first sentence of Article 2.04 of the Original Asset Purchase Agreement is hereby deleted and replaced with the following:

In addition to Corson's base draw for services rendered to clients, Corson shall be paid on the 10th day of January 2017, a sum equal to 10% of any of the amount in excess of $460,000.00 net revenues collected from January 1, to December 31, 2016 on any new clients Corson introduces to Purchaser following the Acquisition Date.

The parties reaffirm no other terms or conditions of the above mentioned Original Asset Purchase Agreement not hereby otherwise modified or amended shall be negated or changed as a result of this here stated Amendment. If there is any actual or claimed conflict or inconsistency between this Amendment and the Original Asset Purchase Agreement, then the provisions of this Amendment shall govern and control the rights, duties and remedies of the parties.

Dated: _21 | 2 | 2016_

W. Michael Corson & Co. APC,
a California Professional Corporation

By: _____
    Michael Corson, Its President

_____
Michael Corson, individually

Anton & Chia, LLP, a California
Limited Liability Partnership

By: _____
    Gregory Wahl, Its Managing Partner

**Exhibit B - Page 3 of 3**

# EXHIBIT C

**Exhibit C - Page 1 of 4**

JUD-100

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*<br>L. Scott Keehn (61691)<br>KEEHN LAW GROUP, APC<br>501 W. Broadway, Suite 1025, San Diego, CA 92101<br>TELEPHONE NO.: (619) 400-2200   FAX NO. *(Optional):* (619) 400-2201<br>E-MAIL ADDRESS *(Optional):* scottk@keehnlaw.com<br>ATTORNEY FOR *(Name):* Plaintiffs, W. Michael Corson & Co, APC, et al. | FOR COURT USE ONLY<br><br>F I L E D<br>Clerk of the Superior Court<br>MAR - 2 2018<br>By: A. Wagoner |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 325 S. Melrose Drive
MAILING ADDRESS: 325 S. Melrose Drive
CITY AND ZIP CODE: Vista  92081
BRANCH NAME: North County Branch

PLAINTIFF: W. Michael Corson & Co, APC, and Michael Corson

DEFENDANT: ANTON & CHIA, LLP, et al.

| JUDGMENT | CASE NUMBER: |
|---|---|
| ☐ By Clerk   ☑ By Default   ☐ After Court Trial<br>☑ By Court   ☐ On Stipulation   Defendant Did Not<br>Appear at Trial | 37-2017-00017223-CU-BC-NC |

JUDGMENT

1.  ☑  **BY DEFAULT**

   a.  Defendant was properly served with a copy of the summons and complaint.

   b.  Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.

   c.  Defendant's default was entered by the clerk upon plaintiff's application.

   d.  ☐  **Clerk's Judgment** (Code Civ. Proc., § 585(a)).  Defendant was sued only on a contract or judgment of a court of this state for the recovery of money.

   e.  ☑  **Court Judgment** (Code Civ. Proc., § 585(b)).  The court considered
       (1)  ☐  plaintiff's testimony and other evidence.
       (2)  ☑  plaintiff's written declaration (Code Civ. Proc., § 585(d)).

2.  ☐  **ON STIPULATION**

   a.  Plaintiff and defendant agreed (stipulated) that a judgment be entered in this case.  The court approved the stipulated judgment and

   b.  ☐  the signed written stipulation was filed in the case.

   c.  ☐  the stipulation was stated in open court   ☐   the stipulation was stated on the record.

3.  ☐  **AFTER COURT TRIAL.**  The jury was waived.  The court considered the evidence.

   a.  The case was tried on *(date and time):*

       before *(name of judicial officer):*

   b.  Appearances by:

       ☐  Plaintiff *(name each):*                              ☐  Plaintiff's attorney *(name each):*
          (1)                                                       (1)
          (2)                                                       (2)
       ☐  Continued on Attachment 3b.

       ☐  Defendant *(name each):*                             ☐  Defendant 's attorney *(name each):*
          (1)                                                       (1)
          (2)                                                       (2)
       ☐  Continued on Attachment 3b.

   c.  ☐  Defendant did not appear at trial.  Defendant was properly served with notice of trial.

   d.  ☐  A statement of decision  (Code Civ. Proc., § 632)   ☐  was not   ☐  was   requested.

Page 1 of 2

| PLAINTIFF: W. Michael Corson & Co, APC, and Michael Corson | CASE NUMBER: |
|---|---|
| DEFENDANT: ANTON & CHIA, LLP, et al. | 37-2017-00017223-CU-BC-NC |

JUDGMENT IS ENTERED AS FOLLOWS BY: [✔] THE COURT   [ ] THE CLERK

4. [ ]   **Stipulated Judgment.** Judgment is entered according to the stipulation of the parties.

5. **Parties.** Judgment is

a. [✔] for plaintiff *(name each):*
W. Michael Corson & Co (See Attachment One)
and against defendant *(names):*
ANTON & CHIA, LLP (See Attachment One)

[✔] Continued on Attachment One (5a)

c. [ ] for cross-complainant *(name each):*

and against cross-defendant *(name each):*

[ ] Continued on Attachment 5c.

b. [ ] for defendant *(name each):*

d. [ ] for cross-defendant *(name each):*

6. **Amount.**

a. [✔] Defendant named in item 5a above must pay plaintiff on the complaint:

| (1) | [✔] | Damages | $ 226,933.32 |
|---|---|---|---|
| (2) | [✔] | Prejudgment interest at the annual rate of 10 % | $ 28,517.04 |
| (3) | [ ] | Attorney fees | $ |
| (4) | [✔] | Costs | $ 603.00 |
| (5) | [ ] | Other *(specify):* | $ |
| (6) | | **TOTAL** | $ 256,350.36 |

c. [ ] Cross-defendant named in item 5c above must pay cross-complainant on the cross-complaint:

| (1) | [ ] | Damages | $ |
|---|---|---|---|
| (2) | [ ] | Prejudgment interest at the annual rate of % | $ |
| (3) | [ ] | Attorney fees | $ |
| (4) | [ ] | Costs | $ |
| (5) | [ ] | Other *(specify):* | $ |
| (6) | | **TOTAL** | $ |

b. [ ] Plaintiff to receive nothing from defendant named in item 5b.
[ ] Defendant named in item 5b to recover costs $
[ ] and attorney fees $

d. [ ] Cross-complainant to receive nothing from cross-defendant named in item 5d.
[ ] Cross-defendant named in item 5d to recover costs $
[ ] and attorney fees $

7. [✔] Other *(specify):*
See Attachement One, Item 7

Date: MAR - 2 2018                 RONALD F. FRAZIER
[ ] _____
                                    JUDICIAL OFFICER

Date: _____   [ ] Clerk, by _____, Deputy

---

| (SEAL) | **CLERK'S CERTIFICATE** *(Optional)* |
|---|---|
| | I certify that this is a true copy of the original judgment on file in the court. |
| | Date: |
| | Clerk, by _____, Deputy |

Page 2 of 2

JUD-100 [New January 1, 2002]                 **JUDGMENT**

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| W. Michael Corson & Co., APC v. ANTON & CHIA, LLP | 37-2017-00017223-CU-BC-NC |

**ATTACHMENT** *(Number):* __One__

*(This Attachment may be used with any Judicial Council form.)*

Item 5a.
for plaintiffs:  W. MICHAEL CORSON & Co., APC, a California professional corporation and MICHAEL CORSON, an individual.

and against defendants:  ANTON & CHIA, LLP, a California limited liability partnership, GREGORY WAHL, an individual.

Item 7. (other)
A.    FINDINGS OF FACT
    To the extent that any of the following Findings of Fact include a Conclusion of Law, then they shall be deemed to be part of the Conclusions of Law set forth below.
    1.  BREACH OF CONTRACT

        1.1. Plaintiffs and Defendants entered into a binding contractual relationship. The terms of that contractual relationship were memorialized in the"Asset Purchase Agreement" dated August 31, 2014 (the"8/31/14 APA"), which was later modified by the"Amendment to Asset Purchase Agreement"dated February 16, 2016 (the"Amended APA").  The 8/31/14 APA and the Amended APA constituted and are hereinafter referred to as the "Contract".

        1.2. Plaintiffs have performed, or were excused from performing all of their obligations under the Contract.

        1.3. Defendants breached duties owed to Plaintiffs under the Contract.

        1.4. Plaintiffs suffered compensable damages as a result of Defendants'breach of the Contract in the principal amount of $226,933.32.

    2.  INTENTIONAL MISREPRESENTATION

        2.1. Defendants made or caused to be made multiple false representations to Plaintiffs, and were guilty of multiple acts of wrongful concealment and non-disclosure of material facts.

        2.2. Defendants had actual knowledge of both the falsity of facts misrepresented and the materiality of those which were concealed or left undisclosed. Defendants were guilty of scienter in making the false representations as well as concealing or failing to disclose facts which were material.

        2.3. The false representations and concealment/nondisclosure described in paragraph 2.2 above were made with the intention to defraud Plaintiffs.

        2.4. Plaintiffs were ignorant of the falsity of the misrepresentations and unaware of the material facts that had been concealed or undisclosed.  Plaintiffs justifiably relied upon the false representations and implied representation that no material facts were concealed or undisclosed.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __1__ of __4__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| W. Michael Corson & Co., APC v. ANTON & CHIA, LLP | 37-2017-00017223-CU-BC-NC |

**ATTACHMENT** (Number): _One_

*(This Attachment may be used with any Judicial Council form.)*

2.5. As a result of the misrepresentations and concealment/nondisclosure described in above Plaintiffs suffered damages in the principle amount of $226,933.32 .

## 3.  FRAUDULENT CONCEALMENT

3.1. Defendants made representations of material fact but did not disclose facts which materially qualify the facts disclosed, or which when left undisclosed rendered the disclosure likely to mislead.

3.2. The undisclosed material facts were known or accessible only to Defendants, and they knew that they were not known to or reasonably discoverable by Plaintiffs.

3.3. The Defendants actively concealed discovery of the undisclosed/suppressed facts from the Plaintiffs.

3.4. Defendants had a did duty to disclose the concealed and suppressed fact to Plaintiff because (a) the implied duty of good faith and fair dealing arose as a result of contract negotiations between the parties, and/or (b) disclosure of the concealed and/or suppressed facts was necessary in order to prevent the selectively disclose facts from being misleading.

3.5. Defendants intended to defraud the Plaintiffs by intentionally concealing or suppressing the material facts.

3.6.  Plaintiffs were unaware of the concealed and/or suppressed facts, would not have acted as they did if they knew the concealed and/or suppressed facts.

3.7. As a result of Defendants' concealment and/suppression of material facts Plaintiffs sustained damage in the principle amount of $226,933.32.

## 4.  NEGLIGENT MISREPRESENTATION

4.1. The misrepresentations described in paragraph 2.1 above, constituted the misrepresentations of past or existing material facts which were made without reasonable ground for believing them to be true, and were made with the intent to induce Plaintiffs' reliance on the facts as misrepresented.

4.2. Plaintiffs were ignorant of the truth, and justifiably relied upon the misrepresentations made.

4.3. As a result of the misrepresentations described in paragraph 4.1 above, Plaintiffs sustained damage in the principle amount of $226,933.32.

---

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __2__ of __4__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

MC-025

| SHORT TITLE: W. Michael Corson & Co., APC v. ANTON & CHIA, LLP | CASE NUMBER: 37-2017-00017223-CU-BC-NC |
|---|---|

ATTACHMENT (Number): __One__

*(This Attachment may be used with any Judicial Council form.)*

5.  CIVIL CONSPIRACY

    5.1. Defendant Anton & Chia, LLP ("A&C") together with its Managing Partner (CEO) Gregory Wahl ("Wahl"), Bob Alshire and others acting purposefully in concert with them (hereinafter collectively referred to as the "Conspirators") formed a conspiracy to acquire Plaintiffs' seasoned accounting practice as part of A&Cs business strategy of growing its accountancy practice by the acquisition of smaller seasoned accounting firms (the "Conspiracy").

    5.2. The Conspirators implemented the Conspiracy by engaging in the specific and wrongful acts described in paragraphs 2.1 and 3.1 above.

    5.3 As a result of wrongful acts committed in furtherance of the Conspiracy, Plaintiffs to sustained damage in the principle amount of $226,933.32.

B.  CONCLUSIONS OF LAW

    To the extent that any of the following Conclusions of Law include a Finding of Fact, then they shall be deemed to be part of the Findings of Facts set forth above.

    1.  BREACH OF CONTRACT

    Plaintiffs are entitled to recover damages for Defendants' breach of contract in the principle amount of $226,933.32.

    2.  INTENTIONAL MISREPRESENTATION (FRAUD)

    Plaintiffs are entitled to recover damages for Defendants' intentional misrepresentation (fraud) in the principle amount of $226,933.32.

    3.  FRAUDULENT CONCEALMENT

    Plaintiffs are entitled to recover damages for Defendants' fraudulent concealment in the principle amount of $226,933.32.

    4.  NEGLIGENT MISREPRESENTATION

    Plaintiffs are entitled to recover damages for Defendants' negligent misrepresentation in the principle amount of $226,933.32.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __3__ of __4__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| W. Michael Corson & Co., APC v. ANTON & CHIA, LLP | 37-2017-00017223-CU-BC-NC |

ATTACHMENT *(Number)*: One

*(This Attachment may be used with any Judicial Council form.)*

5.  CIVIL CONSPIRACY

   5.1. The Conspiracy described in part A at paragraph 5.1 above was wrongful as to Plaintiffs, and imposed civil liability on each of the Conspirators.

   5.2 However, civil conspiracy is not a tort but rather a theory of joint liability whereby all who cooperate in another's wrong may be held liable.

   5.3 Defendants A&C and Wahl are jointly and severally liable for all of the damages incurred by Plaintiffs described above.

6.  SINGLE RECOVERY

   Although all of the damages described above are recoverable under the different legal theories pled in the original Verified Complaint (ROA 1) those damages actually result from the violation of the same primary right. Accordingly, plaintiffs' are entitled to a single recovery of compensable damages in the amount of $226,933.32.

C.  Plaintiffs are entitled to recover Pre-Judgment interest in the amount of $28,814.04.

D.  Defendants shall pay Plaintiffs Post-Judgment interest at the rate of $70.23 per day from the date of entry of Judgment until paid in full.

E.  Judgment is Joint and Several against both Defendants A&C and Wahl.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 4 of 4

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov