Christopher J. Langley – SBN 258851
Donald W. Reid – SBN 281743 (Of Counsel)
Charity J. Manee – SBN 286481 (Of Counsel)
**LAW OFFICES OF LANGLEY AND CHANG**
4158 14th Street
Riverside, California 92501
(951) 383-3388
chris@langleylegal.com
don@rmbklaw.com
charity@rmbklaw.com

Counsel for Gregory A. Wahl,
Defendant

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>GREGORY ANTON WAHL,<br><br>Debtor.<br><br>———<br><br>MICHAEL CORSON, W. MICHAEL CORSON & CO., APC,<br><br>Plaintiffs,<br><br>vs.<br><br>GREGORY ANTON WAHL,<br><br>Defendant. | Case No. 8:18-bk-12449-TA<br><br>Chapter 7<br><br>Adv. Case No. 8:18-ap-01181-TA<br><br>**ANSWER OF DEFENDANT GREGORY ANTON WAHL TO COMPLAINT FOR DETERMINATION OF NONDISCHARGEABILITY OF DEBT UNDER 11 U.S.C. SECTOIN 523(a)(2)(A) and (a)(6)**<br><br>Status Conference Hearing:<br>Date: January 3, 2019<br>Time: 10:00 a.m. |

Defendant Gregory Anton Wahl, an individual ("Defendant") hereby files the answer to the Complaint ("Complaint") of Michael Corson and W. Michael Corson & Co., APC ("Plaintiffs"), and admits and denies as follows:

    1.    Defendant admits the allegations contained in paragraph 1 of the Complaint.

    2.    Defendant admits the allegations contained in paragraph 2 of the Complaint.

    3.    Defendant admits the allegations contained in paragraph 3 of the Complaint.

1

4. Defendant incorporates his answers set forth in paragraphs 1 through 3 above.

5. Defendant admits the allegations contained in paragraph 5 of the Complaint.

6. Defendant admits the allegations contained in paragraph 6 of the Complaint.

7. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 7 of the Complaint and accordingly, denies the allegations in paragraph 7 of the Complaint on this basis.

8. Defendant admits the allegations contained in paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in paragraph 9 of the Complaint.

10. Defendant admits the allegations contained in paragraph 10 of the Complaint.

11. Defendant admits the allegations contained in paragraph 11 of the Complaint.

12. Defendant admits the allegations contained in paragraph 12 of the Complaint.

13. Defendant admits the allegations contained in paragraph 13 of the Complaint.

14. Defendant admits the allegations contained in paragraph 14 of the Complaint.

15. Defendant admits the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Defendant admits the allegations contained in paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in paragraph 29 of the Complaint.

1     30.     Defendant denies the allegations contained in paragraph 30 of the Complaint.

2     31.     Defendant denies the allegations contained in paragraph 31 of the Complaint.

3     32.     Defendant denies the allegations contained in paragraph 32 of the Complaint.

4     33.     Defendant denies the allegations contained in paragraph 33 of the Complaint.

5     34.     Defendant denies the allegations contained in paragraph 34 of the Complaint.

6     35.     Defendant denies the allegations contained in paragraph 35 of the Complaint.

7     36.     Defendant denies the allegations contained in paragraph 36 of the Complaint.

8     37.     Defendant denies the allegations contained in paragraph 37 of the Complaint.

9     38.     Defendant denies the allegations contained in paragraph 38 of the Complaint.

10     39.     Defendant denies the allegations contained in paragraph 39 of the Complaint.

11     40.     Defendant denies the allegations contained in paragraph 40 of the Complaint.

12     41.     Defendant denies the allegations contained in paragraph 41 of the Complaint.

13     42.     Defendant denies the allegations contained in paragraph 42 of the Complaint.

14     43.     Defendant denies the allegations contained in paragraph 43 of the Complaint.

15     44.     Defendant denies the allegations contained in paragraph 44 of the Complaint.

16     45.     Defendant denies the allegations contained in paragraph 45 of the Complaint.

17     46.     Defendant denies the allegations contained in paragraph 46 of the Complaint.

18     47.     Defendant denies the allegations contained in paragraph 47 of the Complaint.

19     48.     Defendant denies the allegations contained in paragraph 48 of the Complaint.

20     49.     Defendant denies the allegations contained in paragraph 49 of the Complaint.

21     50.     Defendant denies the allegations contained in paragraph 50 of the Complaint.

22     51.     Defendant denies the allegations contained in paragraph 51 of the Complaint.

23     52.     Defendant admits the allegations contained in paragraph 52 of the Complaint.

24     53.     Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 53 of the Complaint and accordingly, denies the allegations in paragraph 53 of the Complaint on this basis.

54. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 54 of the Complaint and accordingly, denies the allegations in paragraph 54 of the Complaint on this basis.

55. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 55 of the Complaint and accordingly, denies the allegations in paragraph 55 of the Complaint on this basis.

56. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 56 of the Complaint and accordingly, denies the allegations in paragraph 56 of the Complaint on this basis.

57. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 57 of the Complaint and accordingly, denies the allegations in paragraph 57 of the Complaint on this basis.

58. Defendant incorporates his answers set forth in paragraphs 1 through 57 above.

59. Defendant denies the allegations contained in paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in paragraph 60 of the Complaint.

61. Defendant incorporates his answers set forth in paragraphs 1 through 60 above.

62. Defendant denies the allegations contained in paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in paragraph 64 of the Complaint, including every subpart thereof.

65. Defendant denies the allegations contained in paragraph 65 of the Complaint, including every subpart thereof.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that all relief sought by the Plaintiffs be denied, and that Defendant be awarded:

1. His cost of suit as may be incurred;

2. Reasonable attorneys' fees as may be allowed by this Court; and

3. For such other relief as is just and property.

4

## AFFIRMATIVE DEFENSES

Defendant alleges the following Affirmative Defenses to Plaintiff's Complaint. Unless specifically stated otherwise, each of the following affirmative defenses shall apply to all purported causes of action against Defendant asserted in said Complaint.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State Facts Sufficient)

1. As a first, separate and distinct affirmative defense, Defendant alleges that the Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (Incorrect Facts)

2. As a second, separate and distinct affirmative defense, Defendant is informed and believes, and based thereon alleges that the facts, as stated by Plaintiffs in the Complaint, are materially incorrect, incomplete and portray a false light of the true facts.

## THIRD AFFIRMATIVE DEFENSE
### (Estoppel)

3. As a third, separate and distinct affirmative defense, Defendant is informed and believes, and based thereon alleges, that Plaintiffs have engaged in conduct and activities with respect to the property and activities which are the subject of the Complaint and by reason of said activities is estopped from asserting any claim for damages or seeking any other relief against Defendant.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

4. As a fourth, separate and distinct affirmative defense, Defendant is informed and believes, and based thereon alleges, that Plaintiffs have failed to exercise reasonable care and diligence to avoid loss and to minimize damages and that, therefore, Plaintiffs may not recover for losses which could have been prevented by reasonable efforts on their part, or by expenditures which might reasonably have been made, and that, therefore, recovery, if any, should be reduced

by the failure of Plaintiffs to mitigate damages, if any.

## **FIFTH AFFIRMATIVE DEFENSE**

### **(Proximate Contribution)**

3. As a fifth, separate and distinct affirmative defense, Defendant is informed and believes, and based thereon alleges, that the injuries and damages of which Plaintiffs complain were proximately caused or contributed to by the acts of other persons and/or other entities and that said acts were an intervening and/or superseding cause of the injuries and damages, if any, of which the Plaintiffs complain, thus barring any recovery against Defendant.

## **SIXTH AFFIRMATIVE DEFENSE**

### **(Failure to Perform Condition Precedent)**

5. As a sixth, separate and distinct affirmative defense, Defendant is informed and believes, and based thereon alleges, that Plaintiffs failed to perform conditions precedent under the alleged contract(s) and, therefore, the allegations contained in the Complaint must fail.

## **SEVENTH AFFIRMATIVE DEFENSE**

### **(Laches)**

7. As a seventh, separate and distinct affirmative defense, Defendant is informed and believes, and based thereon alleges, that each and every one of Plaintiffs' causes of action are barred by the doctrine of laches.

## **EIGHTH AFFIRMATIVE DEFENSE**

### **(Lack of Reasonable Reliance)**

8. As an eighth, separate and distinct affirmative defense, Defendant is informed and believes, and based thereon alleges, that each and every cause of action is barred due to Plaintiffs' lack of reasonable reliance on the alleged misrepresentations and formation of a contract with Defendant.

## **NINTH AFFIRMATIVE DEFENSE**

### **(No Proximate Cause)**

9. As a ninth, separate and distinct affirmative defense, Defendant is informed and believes, and based thereon alleges that the damages or injuries allegedly suffered by Plaintiffs

were not proximately caused by any purported acts or omissions of Defendant, thereby eliminating or reducing any alleged liability.

### **TENTH AFFIRMATIVE DEFENSE**
### **(Speculative and Uncertain Damages)**

10. As an tenth separate and distinct affirmative defense, Defendant is informed and believes, and based thereon alleges that, Plaintiffs' losses, if any, are speculative and/or uncertain, and therefore, not compensable.

### **ELEVENTH AFFIRMATIVE DEFENSE**
### **(Excuse from Performance)**

11. As an eleventh, separate and distinct affirmative defense, Defendant is informed and believes, and based thereon alleges, that Plaintiffs, at all times relevant to their claims in this matter, and at all times during the terms of the contracts alleged in the complaint, have substantially and materially breached their obligations under those contracts, and any other contract between Plaintiffs and Defendant. By such breach, Defendant is excused from any performance claimed or actually due to Plaintiffs under such contracts.

### **TWELFTH AFFIRMATIVE DEFENSE**
### **(Proximate Negligence)**

12. As a twelfth, separate and distinct affirmative defense, Defendant alleges that the damages suffered by the Plaintiffs, if any, were the direct and proximate result of the negligence of parties, persons, corporations and/or entities, other than Defendant, and that the liability of Defendant, if any, is limited in direct proportion to the percentage of fault actually attributable to Defendant.

### **THIRTEENTH AFFIRMATIVE DEFENSE**
### **(Offset)**

13. As a thirteenth, separate and distinct affirmative defense, Defendant is informed and believes, and based thereon alleges, that the causes of action set forth in the Complaint and the damages Plaintiffs allegedly suffered, if any, are offset by damages and money due and owing Defendant, from Plaintiffs, as well as claims against Plaintiffs.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

14. As a fourteenth separate and distinct affirmative defense, Defendant is informed and believes and alleges that the purported causes of action pled in the Complaint, individually or collectively, against Defendant are barred by the equitable doctrine of unclean hands.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

15. As an fifteenth separate and distinct affirmative defense, Defendant is informed and believes and alleges that the purported causes of action pled in the Complaint against this Defendant are barred by waiver.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure of Consideration)

16. As a sixteenth separate and distinct affirmative defense, Defendant is informed and believes and alleges that the Complaint and each cause of action therein is barred by the failure of consideration.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Insufficient Knowledge)

20. As a seventeenth separate and distinct affirmative defense, Defendant is informed and believes, and based thereon alleges, that Defendant presently has insufficient knowledge or insufficient information upon which to form a belief as to whether he has any additional, yet un-asserted, affirmative defenses. Therefore, Defendant, reserves the right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

                                          Respectfully submitted,

                                          LAW OFFICES OF LANGLEY & CHANG

Dated: November 8, 2018                       By: /s/Christopher J. Langley
                                                  Christopher J. Langley, Counsel for
                                                  Gregory A. Wahl, Defendant

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 4158 14th Street, Riverside, CA 92501

A true and correct copy of the foregoing document entitled (*specify*): **ANSWER OF DEFENDANT GREGORY ANTON WAHL  TO COMPLAINT FOR DETERMINATION OF NONDISCHARGEABILITY OF DEBT UNDER 11 U.S.C. SECTOIN 523(a)(2)(A) and (a)(6)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) November 8, 2018, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
**Scott L Keehn    scottk@keehnlaw.com, chrisf@keehnlaw.com (counsel for Plaintiffs)
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov**
☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) November 8, 2018, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: (state the method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) November 8, 2018, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows:  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
- Hon. Theodor Albert, 411 West Fourth Street, Suite 5085 , Santa Ana, CA 92701

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Date | Printed Name | Signature |
|---|---|---|
| November 8, 2018 | Charity J. Manee | /s/Charity J. Manee |

9